Kimberly STEPHENS and The Cincinnati Insurance Companies, Appellants–Defendants,

v.

Derek W. IRVIN, Missy Hodge, and Sentry Insurance, Appellees–Plaintiffs.

No. 12A02–9910–CV–684

Court of Appeals of Indiana.

Sept. 20, 2000.

Richard R. Skiles, Skiles & Cook, Arlene Rochlin, The Law Office of the Cincinnati Ins. Co., Indianapolis, Indiana, Attorneys for Appellants.

William N. Ivers, Richard P. Winegardner, Kelli Keller, Stewart & Irwin, J. David Hollingsworth, Hollingsworth & Meek, Indianapolis, Indiana, Attorneys for Appellees.

## OPINION ON REHEARING

BAILEY, Judge

We grant Appellants–Defendants Kimberly Stephens's ("Stephens") and The Cincinnati Insurance Companies's ("CIC") joint petition for rehearing, for the limited purpose of addressing their contention that, regardless of whether Appellees–Plaintiffs' motions were deemed motions to correct error or motions to reconsider, the same procedural outcome ensues; namely, that Plaintiffs nonetheless are prohibited from amending their complaint to add Stephens as a defendant in the underlying causes.

Stephens and CIC premise their Petition for Rehearing upon the contention that because this Court determined that Plaintiffs' motions, originally captioned "Motion[s] to Correct Error[,]" were, in fact, motions to reconsider, said determination "brings those motions squarely within T.R. 53.4(B)." (Petition at 6.) Thus, Stephens and CIC continue, Plaintiffs' motions, filed on May 28, 1999 and June 1, 1999, were automatically deemed denied pursuant to Indiana Trial Rule 53.4(B) on June 4, 1999 and June 8, 1999 respectively; therefore, the trial court erred when it subsequently granted said motions on June 23, 1999. Moreover, because Plaintiffs did not certify for appeal the April 29, 1999 order of the trial court which denied Plaintiffs' prior motions to amend their complaints and add Stephens as a defendant, Stephens and CIC assert "there is no appealable ruling over which this Court has jurisdiction." (Petition at 7.) We disagree.

■ Initially, we note that Stephens and CIC misapprehend the purpose of Indiana Trial Rule 53.4(B). Indiana Trial Rule 53.4 states, in pertinent part:

(A) *Repetitive motions and motions to reconsider ruling on a motion.* No hearing shall be required upon a repetitive motion or upon motions to reconsider orders or rulings upon a motion. Such a motion by any party or the court or such action to reconsider by the court shall not delay the trial court or any proceedings in the case, or extend the time for any further required or permitted action, motion, or proceedings under these rules.

(B) *Effect of court's delay in ruling upon repetitive motion or motion to reconsider ruling on a motion.* Unless such a motion is ruled upon within five (5) days it shall be deemed denied....

Appellate courts have repeatedly held that this rule is designed to prevent delay through the filing of repetitive motions. *See Waldron v. Wilson,* 505 N.E.2d 858, 860 (Ind.Ct.App.1987), *vacated in part on other grounds,* 532 N.E.2d 1154 (Ind.1989); *Wisconics Engineering, Inc. v. Fisher,* 466 N.E.2d 745, 752 (Ind.Ct.App.1984); *Biggs*

*v. Marsh,* 446 N.E.2d 977, 981 (Ind.Ct. App.1983); *see also* Harvey, *Indiana Practice Rules of Procedure Annotated,* vol. 3, p. 460–63 (1988 Supp.). As explained in our earlier opinion, and as emphasized in *Biggs,* a trial court has the inherent power to reconsider any of its previous rulings so long as the action remains *in fieri. Id.* at 981. Thus, no error resulted in the case at bar simply because the trial court ruled on the Plaintiffs' motions beyond the five-day period described in Indiana Trial Rule 53.4. *See Waldron,* 505 N.E.2d at 860 (stating that a trial court has the inherent power to reconsider any of its rulings until judgment is entered and no error results from the trial court's ruling on a motion beyond the five-day period of Indiana Trial Rule 53.4). Moreover, we note that after the trial court granted Plaintiffs' motions, thereby permitting them to add Stephens as a defen-

dant, it was Stephens and CIC who petitioned the trial court for certification of this issue for interlocutory appeal and who thereafter petitioned this Court to entertain jurisdiction of said interlocutory appeal. Thus, contrary to Stephens's and CIC's contention that there is no appealable issue before this Court, the issue of whether the trial court erred in allowing Plaintiffs to amend their Complaints in order to add Stephens as a defendant was, in fact, properly brought before this Court at the request of Stephens and CIC.

Based on the foregoing, our earlier decision is hereby affirmed.[1]

MATTINGLY, J., and BROOK, J., concur.

1. While Stephens and CIC did not raise this issue in their Petition, we discovered through our review of this matter on rehearing that we inadvertently cited the case of *St. Margaret Mercy Healthcare Centers, Inc. v. Lake County,* 714 N.E.2d 272, 274 (Ind.Ct.App.1999), *reh'g denied, trans. denied,* for the proposition that a party's motions, while captioned "Motion[s] to Correct Error" were actually in the nature of a motion to reconsider or for clarification, and thus should be treated as such. This was not the basis of the ultimate holding in *St. Margaret Mercy,* but rather was an argument made by counsel. Nevertheless, the proposition that courts are not bound by a party's characterization of a motion is well-founded in the law. *See Hubbard v. Hubbard,* 690 N.E.2d 1219, 1221 (Ind.Ct.App.1998) (stating that this Court will not elevate form over substance and therefore, despite being captioned a "Motion to Reconsider," the motion, which was made after the trial court entered final judgment, should have been treated as a motion to correct error); *DeHart v. Anderson,* 178 Ind.App. 581, 383 N.E.2d 431, 436 (1978) (stating that courts are not bound by a party's characterization of a motion); *Commercial Credit Corp. v. Miller,* 151 Ind.App. 580, 280 N.E.2d 856, 861 n. 1 (1972) (stating that a court is to treat motions and pleadings for what they actually are, regardless of how they are captioned). Therefore, while erroneous, our inadvertent citation to *St. Margaret Mercy* did not affect our decision.