Warren JOHNSON,
Claimant/Counterdefendant,

v.

The ESTATE OF Timothy P. BRAZILL, Deceased, Brian J. Zaiger, Personal Representative, Appellee–Defendant/Counterclaimant,

Judy Hester, Appellee–Intervenor,

David A. Anderson, and Anderson & Associates, P.C., Appellants–Respondents.

No. 29A02–0902–CV–126.

Court of Appeals of Indiana.

Dec. 11, 2009.

David A. Anderson, Goodin Abernathy, Indianapolis, IN, Attorney for Appellant.

Jeffrey C. McDermott, Matthew R. Stryzynski, Krieg DeVault LLP, Carmel, IN, Attorneys for Appellee, The Estate of Timothy P. Brazill.

Judy G. Hester, Brazill Hester, P.C., Indianapolis, IN, Appellee pro se.

**OPINION**

MATHIAS, Judge.

The Hamilton Superior Court ordered attorney David A. Anderson and the law firm of Anderson & Associates, P.C. (collectively "Anderson") to pay attorney fees to the Estate of Timothy P. Brazill ("the Estate") and attorney Judy G. Hester ("Hester"), as a discovery sanction. Anderson now brings this interlocutory appeal and argues that the trial court's award of attorney fees to the Estate was improper and that Hester could not properly be awarded attorney fees because she was acting *pro se*. Concluding *sua sponte* that Anderson failed to timely bring this interlocutory appeal, we dismiss.

### Facts and Procedural History

Anderson represented Warren Johnson ("Johnson") in his claim against the Estate. The decedent, Timothy P. Brazill ("Brazill") had been Johnson's attorney. Johnson claimed that he had loaned Brazill a total of $235,000. The Estate initially admitted owing Johnson $117,500, but later discovered a promissory note executed on August 21, 1995, which the Estate claimed established that Johnson in fact owed Brazill $275,000. The Estate then filed a counterclaim against Johnson claiming that Johnson owed $157,500 on the balance of the promissory note. To support Johnson's claims, Anderson attempted to introduce into evidence certain emails sent between Brazill and Johnson. Anderson initially obtained copies of the emails at issue from one of Brazill's former law partners, James W. Smyth ("Smyth").[1] The trial court eventually determined that these emails could not be introduced into

1. Smyth, Brazill, and Hester had been members of the law firm Smyth Brazill Hester, LLP. As explained in *Smyth v. Hester*, 901 N.E.2d 25, 28 (Ind.Ct.App.2009), *trans. de-*

evidence, and Anderson then attempted to obtain these emails from Hester as the last remaining member of the Smyth Brazill Hester law firm.

When Hester balked at Anderson's initial broad request, he sent her a subpoena for the emails. On March 3, 2008, Hester filed a motion to intervene in the action and to seek attorney fees for what she claimed were Anderson's continued discovery abuses. On March 13, 2008, the trial court granted Hester's motion to intervene and ordered Johnson to respond by March 24, 2008. The trial court's order on this matter was mailed to Anderson but was returned as undeliverable. Regardless, Johnson filed a response to Hester's motion on March 11, 2008. On March 17, 2008, the Estate also filed a motion seeking attorney fees for Anderson's alleged discovery abuses. Johnson filed a response to the Estate's motion on March 21, 2008.

On September 22, 2008, the trial court entered an order granting Hester's motion for attorney fees, concluding:

> IT IS THEREFOR ORDERED that [Johnson] and [Anderson] are ordered to pay the attorney fees of [Hester] in the amount of $2,472.50 within 30 days of this order, which order shall operate as a judgment against Johnson and Anderson if the same is not paid in full by the expiration of those 30 days.

Appellant's App. p. 350. Also on September 22, 2008, the trial court granted the Estate's request for fees, but ordered the Estate to "submit to the Court [an] Attorney Fees Affidavit within 10 days of the date of this Order." *Id.* At 345. The Estate subsequently submitted such an affidavit on October 1, 2008.

On October 10, 2008, Anderson and Johnson[2] filed a motion to reconsider the award of attorney fees to the Estate. In this motion, Anderson argued that the trial court's award was improper because he was not afforded a hearing on the matter, that the fees awarded were unreasonable, and that Anderson's actions were insufficient to support an award of attorney fees. On October 20, 2008, the trial court entered an order stating in relevant part, "[the] Court ... does now find that the Motion to Reconsider should be and is hereby DENIED and that the prior Order of the Court dated September 22, 2008 should be affirmed. Court does now GRANT attorneys fees and costs in the amount of $4,475[.]" Appellant's App. p. 367.

On October 22, 2008, Anderson and Johnson filed a motion to reconsider the award of attorney fees to Hester, wherein Anderson again argued that the award was improper because he was not afforded a hearing and that his actions were insufficient to support an award of fees. On November 7, 2008, the trial court entered an order stating in relevant part:

> "The Court ... does now find that such Motion to Reconsider should be and is

---

*nied,* Smyth told Brazill and Hester in January 2006 that their partnership was over. Shortly thereafter, Brazill died, and Smyth and Hester were unable to agree on the winding up of the partnership, and the two former partners ended up in litigation which led to that appeal. *Id.*

**2.** Anderson filed this motion on behalf of himself and Johnson. Since March 25, 2008,

Johnson had also been represented by attorney Jeffrey O. Meunier ("Meunier"), who also filed a motion on October 10, 2008, arguing that he was not involved in the actions leading to the award of attorney fees to Hester and that he should therefore not be responsible for any such fees.

hereby DENIED except that the Court does vacate the finding against [Johnson]. The Court in review of the pleadings and the hearings in this cause, finds that the abuse of the discovery process was caused by the actions of the attorney and not by the client. The client, in this factual instance, cannot be held liable for the failure to follow the Trial Rules and proper procedure.... All items not modified by this Order concerning the Order of September 22, 2008 remain in full force and effect."

Appellant's App. p. 393.

On November 20, 2008, Meunier filed a motion asking that he not be held responsible for any attorney fees to the Estate because he was not responsible for the actions which led to the award of such fees. The trial court granted this motion in an order dated November 25, 2008, which stated, "the October 20, 2008 Order Awarding Attorney Fees in Favor of the Estate hereby reconsiders [sic] said award of attorney fees as to [Meunier] only and modifies said Order by vacating the award of attorney fees against [Meunier]." Appellant's App. p. 399.

As a result, the award of attorney fees remained unchanged as to Anderson. However, Anderson did not pay the attorney fees to either the Estate or Hester, both of whom then sought to obtain such fees through proceedings supplemental. Thereafter, on December 30, 2008, the trial court issued an order addressing several issues then pending before the court, including the issues of attorney fees. In this regard, the trial court's order stated:

5. That concerning RULING ON HESTER'S VERIFIED MOTION FOR ATTORNEY'S FEES [entered on] September 22, 2008, which was modified by the JUDGE'S ENTRY OF NOVEMBER 7, 2008, [Hester] advises that attorney fees in the amount of $2,472.50 have not been paid as ordered. Discussions are had and [Anderson] contends that such Ruling is not a final judgment and therefore did not have to be paid. Counsel orally moves for the Court to clarify such Ruling. [The] Court having reviewed such Ruling, now FINDS and ORDERS that [Anderson] shall immediately pay such attorney fees to [Hester] in the amount of $2,472.50. Judgment is hereby entered for [Hester] and against [Anderson] in the amount of $2,472.50.

6. That concerning ORDER AWARDING ATTORNEYS' FEES IN FAVOR OF THE ESTATE filed October 20, 2008, the Estate advises that attorney fees in the amount of $4,475.00 have not been paid as ordered. The Court entered on November 25, 2008[an] ORDER GRANTING MOTION TO RECONSIDER AWARD OF ATTORNEY FEES AGAINST [MEUNIER] ONLY. [Anderson] contends that such Order is not a final judgment and therefore did not have to be paid. Counsel orally moves for the Court to clarify such Order. [The] Court having reviewed such Order, along with related pleadings, does now modify the ORDER AWARDING ATTORNEYS' FEES IN FAVOR OF THE ESTATE filed on October 20, 2008 to vacate the finding against [Johnson] in that the actions were not of [Johnson] but that of [Anderson]. The Court does now FIND and ORDER that [Anderson] shall immediately pay such attorney fees to the Estate in the amount of $4,475.00. Judgment is hereby entered for the Estate and against [Anderson] in the amount of $4,475.00.

Appellant's App. pp. 34–35. Anderson then filed a notice of appeal on January 22, 2009.

## Discussion and Decision

■ Although neither party presents the timeliness of Anderson's appeal as an issue, the timeliness of an appeal is a jurisdictional matter which we should raise *sua sponte* if the parties do not. *Young v. Estate of Sweeney*, 808 N.E.2d 1217, 1219 (Ind.Ct.App.2004). Further, jurisdiction is a question of law which we review *de novo. Id.* After careful review of the procedural history of this case, we conclude that Anderson's current appeal is untimely, and we therefore dismiss this case.

■ We first note that an order requiring one party to pay attorney fees to another party as a discovery sanction is appealable as of right because it forces the party to pay money. *State v. Kuespert*, 425 N.E.2d 229, 232 (Ind.Ct.App.1981), *trans. denied.* Here, Anderson claims to appeal from the trial court's order of December 30, 2008. However, as set forth above, this order was not the first order of the trial court directing Anderson to pay attorney fees.

The first order regarding the payment of attorney fees was entered by the court on September 22, 2008. This order clearly directed Anderson to pay Hester attorney fees in the amount of $2,472.50. And this order was an interlocutory order appealable as of right pursuant to Indiana Appellate Rule 14(A)(1).[3] Anderson did not appeal the September 22 order within thirty

days. Interlocutory appeals as of right must be filed within thirty days of the entry of the interlocutory order. *See* App. R. 14(A). It is therefore clear that Anderson did not timely file an interlocutory appeal from the trial court's September 22 order.

■ Of course, Anderson did file a motion to reconsider the September 22 order. However, Indiana Trial Rule 53.4(A) plainly states that a motion to reconsider "shall not ... extend the time for any further required or permitted action, motion, or proceeding under these rules." We have held before that "a motion to reconsider does not toll the time period within which an appellant must file a notice of appeal." *Citizens Indus. Group v. Heartland Gas Pipeline, LLC*, 856 N.E.2d 734, 737 (Ind. Ct.App.2006) (citing T.R. 53.4), *trans. denied;*[4] *see also Stephens v. Irvin*, 734 N.E.2d 1133, 1134 (Ind.Ct.App.2000) (noting that Trial Rule 53.4 "is designed to prevent delay through the filing of repetitive motions."), *trans. denied.* Indeed, under Trial Rule 53.4(B), a motion to reconsider is deemed denied if it is not ruled upon within five days.[5]

■ Nevertheless, on November 7, 2008, the trial court did issue an order regarding Anderson's motion to reconsider. In the November 7 order, the trial court did modify its September 22 order to the extent that it had required Anderson's

---

3. Anderson admits in his reply brief that his appeal is interlocutory. *See* Appellant's Reply Br. p. 9 ("The sanctions judgment was appealed as an interlocutory appeal[.]"). This is certainly not an appeal from a final judgment, as that term is defined by Appellate Rule 2(H).

4. In fact, if a trial court has issued a final judgment, a party cannot file a motion to reconsider, but must file a motion to correct error instead. *See id.*

5. This, however, does not deprive the trial court of the power to rule on a motion to reconsider after five days have passed. Instead, a trial court has the inherent power to reconsider any previous ruling so long as the action remains *in fieri. Stephens*, 734 N.E.2d at 1135; *see also Citizens Indus. Group*, 856 N.E.2d at 737.

client Johnson to pay attorney fees. However, the November 7 order otherwise denied Anderson's motion to reconsider. In fact, the trial court's November 7 order on Anderson's motion to reconsider specifically stated that "[a]ll items not modified by this Order concerning the Order of September 22, 2008 remain in full force and effect." Appellant's App. p. 393. Thus, as far as Anderson himself is concerned, the November 7 order simply denied the motion to reconsider and affirmed the September 22 order. As such, we could readily conclude that the November 7 order did not extend the time limit in which Anderson was required to file a notice of appeal of the September 22 order.

Moreover, even were we to consider the trial court's November 7 order as renewing Anderson's time limit to appeal the trial court's order that he pay attorney fees to Hester, our conclusion is not changed. Anderson did not file his notice of appeal until January 22, 2009—well beyond thirty days from the November 7 order. We therefore conclude that Anderson cannot properly appeal the November 7 order due to his failure to timely file a notice of appeal.

Anderson, however, claims to appeal from the trial court's order of December 30, 2008. The trial court's December 30 order was in response to an oral motion for the trial court to "clarify" its earlier ruling requiring Anderson to pay attorney fees to Hester. This is at best another motion to reconsider, which by rule cannot extend the time limit within which a party must file a notice of appeal. *See* T.R. 53.4; *Citizens Indus. Group,* 856 N.E.2d at 737. Moreover, unlike the November 7 order, the trial court's December 30 order does not alter or modify the original September 22 order requiring Anderson to pay attor-

ney fees to Hester. Instead, the December 30 order simply affirms the trial court's decision, initially made on September 22, that Anderson pay attorney fees to Hester. We therefore conclude that, under these facts and circumstances, Anderson failed to timely file an appeal from the trial court's order requiring him to pay attorney fees to Hester.

■ With regard to the trial court's order that Anderson pay attorney fees to the Estate, our conclusion is the same, but our analysis is slightly different. The trial court's September 22 order did grant the Estate's request for attorney fees, but the order did not require Anderson to pay a specific amount to the Estate. Instead, the trial court ordered the Estate to file an attorney fees affidavit in order to determine the amount of the award, which the Estate subsequently did. As the trial court's September 22 order did not require Anderson to pay a specific amount, the trial court's September 22 order was not appealable as of right with regard to the requirement that Anderson pay attorney fees to the Estate. *Cf. Allstate Ins. Co. v. Scroghan,* 801 N.E.2d 191, 195 (Ind.Ct. App.2004) (rejecting appellant's argument that an interlocutory order was appealable as of right where the order did not require appellant to pay any money but merely required appellant to expend money in order to comply with the order), *trans. denied.*

The trial court did not enter an order requiring Anderson to pay a specific amount of attorney fees to the Estate until October 20, 2008, when the trial court entered its order denying Anderson's motion to reconsider its award of attorney fees to the Estate. In the October 20 order, the trial court specifically granted attorney fees to the Estate in the amount of $4,475.

However, Anderson did not file his notice of appeal until January 22, 2009, well beyond thirty days from October 20.[6]

Again, Anderson claims to appeal from the trial court's order of December 30, 2008, not the October 20 order. As noted above, the December 30 order was in response to an oral motion to "clarify" the trial court's prior rulings regarding the award of attorney fees to the Estate. However, we repeat that such motions do not extend the time within which a party must file a notice of appeal. *See* T.R. 53.4; *Citizens Indus. Group*, 856 N.E.2d at 737.

We recognize that, with regard to the award of attorney fees to the Estate, the December 30 order did somewhat modify the trial court's original October 20 award in that it vacated the award of attorney fees with regard to Anderson's client Johnson. However, with regard to Anderson himself, the trial court simply affirmed its order that Anderson pay attorney fees to the Estate.

The critical fact is that the trial court granted the Estate's request for attorney fees on September 22. Anderson filed a motion to reconsider this award, which the trial court denied on October 20 and ordered Anderson to pay $4,475 to the Estate. Instead of appealing this order, Anderson did not pay the Estate as ordered. When this came to the trial court's attention, Anderson orally moved the trial court to "clarify" its order. However, the trial court's October 20 order was quite clear. And although the trial court in its December 30 order did modify its award of attorney fees as far as Johnson was con-

cerned, it simply affirmed the award as far as Anderson was concerned.

We cannot say that the trial court's December 30 order, which simply affirmed the court's October 20 order with regard to Anderson's obligation to pay attorney fees to the Estate, somehow acted to delay the time period within which Anderson had to appeal the trial court's order that he pay attorney fees to the Estate. Otherwise, a party ordered to pay money could repeatedly move the court to reconsider or clarify its original order, and if the trial court then modified that order in a way that did not affect the moving party's obligations under the original order, that party could then appeal from the trial court's order denying the motion to reconsider. This could allow a party to potentially delay compliance with the trial court's order, which is precisely what Trial Rule 53.4 is designed to prevent. *See Stephens*, 734 N.E.2d at 1134.

In *Hudson v. Tyson*, 178 Ind.App. 376, 385, 383 N.E.2d 66, 72 n. 9 (1978), the court noted that filing a motion to correct error from an interlocutory order is "fraught with danger" because the time limit for filing an interlocutory appeal, unlike an appeal from a final judgment, is not altered by the filing of a motion to correct error. The same can be said for a motion to reconsider: although a party may properly file a motion to reconsider an interlocutory order, see *Stephens*, 734 N.E.2d at 1135, such a motion cannot, under the plain terms of Trial Rule 53.4, extend the time limit for filing a notice of appeal. *See Citizens Indus. Group*, 856 N.E.2d at 737.

6. We recognize that the trial court did enter a subsequent order on November 25, 2008, in which it granted the motion to reconsider filed by Meunier and vacated the award of attorney fees as to Meunier. However, this order did not modify the trial court's order with regard to Anderson at all. Even if it did, Anderson's notice of appeal was still not timely filed within thirty days of the November 25 order.

We prefer to decide cases upon their merits. *Munster Cmty. Hosp. v. Bernacke,* 874 N.E.2d 611, 613 (Ind.Ct.App. 2007). However, when a party attempts to appeal an interlocutory order that is simply an affirmation of an earlier interlocutory order that is months old, we cannot overlook the jurisdictional issue of timeliness.

Under the facts and circumstances presented, we conclude that Anderson failed to timely file an interlocutory appeal from the trial court's interlocutory orders requiring him to pay attorney fees to Hester and the Estate, and we therefore dismiss the appeal as untimely.

Dismissed.

DARDEN, J., and ROBB, J., concur.