**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 11 2012, 9:52 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DIAMOND Z. HIRSCHAUER**
The Law Offices of Diamond Z. Hirschauer, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**BRYCE H. BENNETT, JR.**
**JAMES O. GIFFIN**
Riley Bennett & Egloff, LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

SUCHARITA ANANTHANENI,         )
                                          )
      Appellant-Defendant,         )
                                          )
            vs.                    )    No. 49A02-1109-PL-902
                                          )
ACCESS THERAPIES, INC.,          )
                                          )
      Appellee-Plaintiff.          )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Heather A. Welch, Judge
Cause No. 49D12-0711-PL-050838

**June 11, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Sucharita Ananthaneni ("Ananthaneni") appeals the order denying her motion to reconsider the refusal to set aside a default judgment entered in favor of her former employer, Access Therapies, Inc. ("Access").

We dismiss.

## Issue

The dispositive issue is whether Ananthaneni preserved her right to appellate review of the trial court's ruling on her motion to set aside the default judgment.

## Facts and Procedural History

Ananthaneni is a foreign national who immigrated to the United States seeking employment opportunities. She entered into an agreement with Access to provide physical therapy services; in return, Access agreed to sponsor Ananthaneni for an employment-based Visa and to pay costs associated with such. Apparently, Ananthaneni worked for Access for a time but then moved to New York, where her family members lived.

On November 29, 2007, Access filed suit against Ananthaneni, claiming that she breached the contract by failing to complete the initial term of employment.[1] Access averred that it had paid all United States Citizenship and Immigration Services filing and attorney's fees; had paid for Ananthaneni's Indiana physical therapy licensure and certification; and had

---

[1] There is some confusion about the term of the employment contract. Access's complaint speaks both of an eighteen-month and of a two-year initial term of employment; the employment agreement Access attached as Exhibit A provides for an eighteen-month term. Ananthaneni claims the duration was "open." Appellant's App., p. 17. Difficulty in determining other underlying facts arises because Access disagrees with the "Statement of Facts" section of Ananthaneni's brief but fails to recite separate facts of its own, and Ananthaneni cites to documents that the trial court found inadmissible.

arranged for her housing accommodations. The company sought damages of $29,840.71, plus attorney's fees, costs, and interest.

Ananthaneni did not file a timely answer to the complaint. Instead, on January 8, 2008, she submitted a pro se "Response to Petition of Employer for Injunction Prohibiting Violence or Threats of Violence Against Employee" alleging that Access had "manipulated" the employment agreement attached to its complaint; that her agreement with Access included an "open" term of employment; and that she had fulfilled assignments before moving to New York. Appellant's App., p. 17. Ananthaneni attached a General Affidavit wherein an "eye witness" swore before a notary public that the employment agreement did not contain an eighteen-month contractual provision. Appellant's App., p. 19. Although she verified the Response, Ananthaneni did not serve a copy of that document upon counsel for Access.

Access attempted to conduct discovery, but Ananthaneni did not cooperate. The trial court entered its case management order on December 1, 2009, setting the final pre-trial conference on May 7, 2010 and a bench trial on June 7, 2010. Access filed witness and exhibit lists; Ananthaneni did not. Ananthaneni failed to appear at the pre-trial conference.

On May 24, 2010, Access filed its motion for default judgment, which the trial court granted on May 28, 2010. The court awarded Access $29,840.71 in damages, attorney's fees of $4.717.50, and costs of $229.61, for a total judgment of $34,787.82, plus post-judgment interest, costs, and attorney's fees associated with collection of the judgment.

Ananthaneni retained counsel and, on April 12, 2011, filed a motion to set aside the

3

default judgment pursuant to Indiana Trial rule 60(B). In part, she alleged that she was unfamiliar with the American legal system and had operated on the "mistaken" belief that she was not required to appear in court until the actual trial date. Appellant's App., p. 24. Attorneys for both parties presented oral argument at the hearing on the motion, but no testimony or documentary evidence was introduced. On July 26, 2011, the trial court denied the motion to set aside the default judgment, concluding that Ananthaneni had not made the necessary prima facie showing of a meritorious defense.[2]

On August 26, 2011, Ananthaneni filed a "Motion to Reconsider [Her] Motion to Set Aside Default Judgment" and attached supporting exhibits. The trial court denied the motion, concluding that the documents appended to the motion to reconsider were inadmissible. Ananthaneni now appeals.

**Discussion and Decision**

Ananthaneni first argues that, because she filed a responsive pleading, the trial court improperly entered a judgment of default against her. Although Ananthaneni seeks review of the default judgment, we initially recognize that she did not appeal that order. Instead she challenged the default judgment by filing a motion to set aside the judgment under Trial Rule 60(B).[3] The trial court denied her motion on July 26, 2011.

---

[2] In its order, the trial court first stated that "a Court could find the 'excusable neglect'" element but then expressly declined to do so. Appellant's App., pp. 30-32.

[3] Trial Rule 60(B) provides in part:
> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
> (1) mistake, surprise, or excusable neglect;

4

Ananthaneni also seeks review of the July 26, 2011, order, claiming that the trial court improperly found that she presented no prima facie evidence of a meritorious defense. The court's refusal to set aside the default judgment was a final judgment from which Ananthaneni could have taken an appeal. See Ind. Trial Rule 60(C) (providing that order denying or granting relief under the rule is deemed a final judgment). But Ananthaneni did not perfect an appeal of that order. Instead thirty-one days later, on August 26, 2011, she filed a motion to reconsider, specifically invoking Trial Rule 53.4. That rule, however, specifically provides that a motion to reconsider "shall not . . . extend the time for any further required or permitted action, motion, or proceedings under these rules." T.R. 53.4(A); Johnson v. Estate of Brazill, 917 N.E.2d 1235, 1239 (Ind. Ct. App. 2009). Accordingly, Ananthaneni's motion to reconsider did not toll the time within which she was required to file her notice of appeal. See Johnson, 917 N.E.2d at 1239.

The appropriate vehicle for reconsideration of a final judgment is a motion to correct error. Waas v. Illinois Farmers Ins. Co., 722 N.E.2d 861, 862-63 (Ind. Ct. App. 2000). That course of action comports with guidance provided by the Indiana Supreme Court:

> The proper procedure . . . for setting aside an entry of default or grant of default judgment thereon is to first file a Rule 60(B) motion to have the default or default judgment set aside. Upon ruling on that motion by the trial court the aggrieved party may then file a Rule 59 Motion to Correct Error alleging error in the trial court's ruling on the previously filed Rule 60(B) motion. Appeal may then be taken from the court's ruling on the Motion to Correct Error.

---

* * * *

A movant filing a motion [based upon mistake, surprise, or excusable neglect] . . . must allege a meritorious claim or defense.

5

<u>Siebert Oxidermo, Inc. v. Shields</u>, 446 N.E.2d 332, 337 (Ind. 1983).

Although in this case Ananthaneni specifically cited Trial Rule 53.4, this court has at times construed a motion to reconsider as a motion to correct error. <u>See, e.g.,</u> <u>Waas</u>, 722 N.E.2d at 862-63; <u>Hubbard v. Hubbard</u>, 690 N.E.2d 1219, 1221 (Ind. Ct. App. 1998). The record here, however, shows that Ananthaneni would not benefit from such a construction.

A motion to correct error is governed by Indiana Trial Rule 59. The rule requires that, when the motion is based on evidence outside the record, the motion must be supported by affidavits showing the truth of the grounds set out in the motion. Ind. Trial Rule 59(H)(1). Ananthaneni did not meet that requirement. Also, to prevail on a motion to correct error based on newly discovered evidence, a party must demonstrate, *inter alia*, that the evidence could not have been discovered and produced at trial with reasonable diligence and that the party exercised due diligence to discover the evidence in time for the final hearing. <u>See</u> Ind. Trial Rule 59(A)(1); <u>Scales v. Scales</u>, 891 N.E.2d 1116, 1120 (Ind. Ct. App. 2008). Ananthaneni has shown neither.

Finally, although a motion to correct error extends the time to appeal, that motion must be timely. <u>See</u> Ind. Appellate Rule 9(A)(1). Pursuant to Indiana Trial Rule 59, a motion to correct error must be filed not later than thirty days after the entry of a final judgment is noted in the Chronological Case Summary. Ind. Trial Rule 59(C); <u>In re Paternity of M.W.</u>, 949 N.E. 2d 839, 849 (Ind. Ct. App. 2011), Barnes, J., concurring in result. The Chronological Case Summary indicates that the trial court denied Ananthaneni's motion to set aside the default judgment on July 26, 2011. Thus, a motion to correct error was due on

6

August 25, 2011. But Ananthaneni filed her motion to reconsider on August 26, 2011. Thus, even if we construe her motion as a motion to correct error, the motion was untimely.

Ananthaneni did not timely appeal the trial court's order denying her motion to set aside the default judgment. We therefore lack jurisdiction to reach the merits of her appeal and must dismiss this matter.

Dismissed.

ROBB, C.J., and MATHIAS, J., concur.