**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jul 09 2013, 6:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN THRASHER**
Indianapolis, Indiana

ATTORNEY FOR APPELLEES:

**CAMERON G. STARNES**
Assistant Corporation Counsel
Office of Corporation Counsel
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| TURF PRO PLUS, INC., ) | |
|     Appellant/Plaintiff and Counter- ) | |
|     Plaintiff, ) | |
| ) | |
|       vs. ) | No.  49A02-1301-CC-66 |
| ) | |
| INDIANAPOLIS DEPARTMENT OF ) | |
| PUBLIC WORKS, THE CITY-COUNTY ) | |
| COUNCIL, and THE HON. GREG ) | |
| BALLARD, Mayor of Indianapolis, ) | |
|     Appellees/Defendants and ) | |
|     Counter-Plaintiffs. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David A. Shaheed, Judge
Cause No. 49D01-1203-CC-11747

**July 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Claiming a violation of the Indiana Public Works Purchasing Act ("the Public Works Purchasing Act" or "the Act"), see Ind. Code § 36-1-12-1 et seq., Turf Pro Plus, Inc. ("Turf Pro") filed a suit for damages against the Indianapolis Department of Public Works ("the Department"), the Indianapolis-Marion County City-County Council ("the Council"), and Greg Ballard in his capacity as the Mayor of the City of Indianapolis ("the Mayor") (collectively, "the City"). Turf Pro's claims arose from the City's decision to award certain contracts for grass-mowing in six Indianapolis city park zones to a contractor other than Turf Pro, even though Turf Pro was the lowest bidder for these zones. The trial court granted the City's motion to dismiss Turf Pro's complaint. Turf Pro now appeals.

Determining sua sponte that we lack jurisdiction to hear this appeal, we dismiss.

**Facts and Procedural History[1]**

In 2011, the City solicited bids for the mowing of grass in eight of the City's park zones. On March 11, 2011, Turf Pro submitted bids for all eight zones. On March 21, 2011, Turf Pro was awarded a contract for two of these. Turf Pro subsequently learned that it was the lowest bidder on the six zones for which it was not awarded contracts.

On March 22, 2012, Turf Pro filed suit against the City, contending that Turf Pro was the lowest responsive bidder under the Public Works Purchasing Act, that the City acted contrary to the Act when it did not award Turf Pro all eight contracts, and that Turf Pro was entitled to all eight contracts under the Act.

---

[1] We take our statement of facts in part from Turf Pro's complaint.

Rather than file an answer, on June 15, 2012, the City filed a motion to dismiss Turf Pro's complaint under Trial Rule 12(B)(6). In its motion and supporting memorandum, the City argued that the mowing contracts did not fall within the Act, that as a result Turf Pro lacked standing to pursue a claim, and thus the trial court should dismiss the complaint. On June 19, 2012, Turf Pro filed a motion for summary judgment, seeking judgment in its favor on all its claims.

On September 18, 2012, the trial court granted the City's motion to dismiss.

On September 26, 2012, Turf Pro filed a motion to correct error. On November 26, 2012, the trial court conducted a hearing and, in a jacket entry on the Chronological Case Summary, denied the motion.

On January 24, 2013, Turf Pro filed its Notice of Appeal.

**Discussion and Decision**

Though neither party raises the issue on appeal, this Court has an obligation to determine sua sponte whether it has the requisite jurisdiction to decide cases before it. Johnson v. Estate of Brazill, 917 N.E.2d 1235, 1239 (Ind. Ct. App. 2009). Our review of the record leads us to conclude that we do not have jurisdiction here.

Appellate Rule 9(A) requires that a party seeking appellate review of a final judgment must initiate its appeal within thirty days of the judgment. If a party timely files a motion to correct error, however, the time for initiation of appeal is "thirty (30 days after the court's ruling on such motion is noted in the Chronological Case Summary or thirty (30) days after the motion is deemed denied under Trial Rule 53.3, whichever occurs first." Ind. Appellate

3

Rule 9(A)(1). Failure to timely perfect an appeal deprives this Court of jurisdiction to decide the case. Johnson, 917 N.E.2d at 1239.

Here, Turf Pro timely filed a motion to correct error, and a hearing was conducted on the motion on November 26, 2012. In its Notice of Appeal of January 24, 2013, Turf Pro states that, pursuant to Trial Rule 53.3, the motion to correct error was deemed denied on December 27, 2012.

This is incorrect, however. The trial court's CCS reflects a denial of Turf Pro's motion to correct error on November 26, 2012, without any form of nunc-pro-tunc entry or other notation that the order was deemed denied as of a specific date. That is to say, Turf Pro's notice of appeal was due thirty days after November 26, 2012. Yet Turf Pro's notice of appeal was filed on January 24, 2013, nearly one full month beyond the filing date required by Appellate Rule 9(A).

In the absence of a timely filing of the notice of appeal, Turf Pro's appeal was not properly perfected. We lack jurisdiction over this matter, and must dismiss the appeal.

Dismissed.

NAJAM, J., and BARNES, J., concur.

4