**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**THEODORE L. STACY**
Valparaiso, Indiana

ATTORNEY FOR APPELLEE:

**REBECCA H. FISCHER**
Laderer & Fischer, P.C.
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KELLI ALVAREZ, f/k/a KELLI GALANOS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  46A03-1304-CC-155 |
| | ) | |
| HORIZON BANK, N.A., | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAPORTE SUPERIOR COURT
The Honorable Jennifer L. Koethe, Judge
Cause No. 46D03-1205-CC-401

**December 11, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Kelli J. Alvarez, f/k/a Kelli J. Galanos ("Alvarez") appeals the trial court's order denying her motion to correct error challenging the trial court's entry of summary judgment in favor of Horizon Bank, N.A. ("Horizon") on a promissory note, which order also provided for an enlargement of time on Horizon's motion for summary judgment on Alvarez's counterclaim.

Concluding we lack subject matter jurisdiction to decide the appeal, we dismiss.

**Facts and Procedural History**

Alvarez had been married to George Galanos ("Galanos") until the entry of a decree of dissolution of marriage on May 18, 2011. During the marriage, Alvarez and Galanos owned a home in Muenster, Indiana ("the Muenster home"). In 2007, the couple received a loan from Horizon, in exchange for which they granted a second mortgage on the Muenster home. Alvarez signed a promissory note promising repayment of the loan to Horizon.

Proceedings for the dissolution of Galanos's and Alvarez's marriage were conducted in LaPorte Superior Court No. 2 ("Superior 2"). During the pendency of the dissolution proceedings, Galanos filed for bankruptcy. During the bankruptcy proceedings, Horizon agreed to the entry of an order stripping it of its lien against the Muenster residence, and obtained an order from the bankruptcy court that lifted the automatic stay of debt collection proceedings as to the corresponding promissory note. The lifting of the stay permitted Horizon to pursue an action against Alvarez to collect the debt owed on the promissory note.

On May 30, 2012, Horizon filed suit on the promissory note against Alvarez in

2

LaPorte Superior Court No. 3 ("the trial court"). On August 16, 2012, Horizon filed its motion for summary judgment.

On August 24, 2012, Alvarez filed a motion to dismiss Horizon's complaint for lack of subject matter jurisdiction. In the motion, Alvarez argued that the promissory note pertained to obligations set forth in the dissolution decree entered by Superior 2, and thus the trial court lacked jurisdiction to adjudicate Horizon's complaint on the promissory note. The trial court denied this motion on November 1, 2012.

On December 4, 2012, Alvarez answered Horizon's complaint. In the answer, Alvarez pleaded affirmative defenses and a counterclaim that alleged constructive fraud on the part of Horizon acting in concert with Galanos. On December 20, 2012, Horizon filed a motion to dismiss Alvarez's counterclaim.

On December 28, 2012, the trial court granted summary judgment to Horizon on its complaint and designated this as a final judgment. On January 28, 2013, Alvarez filed a motion to correct error. In her motion, Alvarez observed that the trial court had neither dismissed nor otherwise adjudicated her counterclaim, and thus the court had inappropriately granted Horizon's motion to conduct proceedings supplemental to judgment. On January 30, 2013, the trial court granted Alvarez's motion to correct error as to the initiation of proceedings supplemental; the remainder of the contentions in Alvarez's motion were apparently left unresolved.

On February 13, 2013, the trial court heard argument on Horizon's motion to dismiss Alvarez's counterclaim, and continued the matter pending the submission of additional

3

evidence.

On March 27, 2013, the trial court denied the remaining claims in Alvarez's motion to correct error, including her challenge to the trial court's entry of summary judgment on Horizon's complaint and its denial of her motion to dismiss for lack of subject matter jurisdiction. The court also observed that, because both Alvarez and Horizon had designated materials in support of their briefs as to Alvarez's counterclaim, Horizon's motion to dismiss would be converted to one for summary judgment. The court gave both parties additional time to designate evidentiary materials.

On April 16, 2013, Horizon filed a brief in support of its motion for summary judgment on Alvarez's counterclaim. The record shows no entry reflecting Alvarez's having filed a responsive brief.

On April 26, 2013, Alvarez filed a notice of appeal, which designated the appeal as arising from the trial court's entry of summary judgment and denial of the motion to correct error.

## Discussion and Decision

In her appeal, Alvarez challenges the trial court's denial of her motion to dismiss Horizon's complaint and the court's grant of Horizon's motion for summary judgment as to its claim on the promissory note. We resolve this appeal on a different matter: whether Alvarez's appeal is properly before this Court.

Ordinarily, only final judgments may properly be appealed. Ind. Appellate Rule 9(A)(1). A final judgment is one that "disposes of all claims as to all parties," App.R.

4

2(H)(1), or falls within the other definitions of final judgment as defined in our appellate rules. See App. R. 2(H)(2)-(5). Certain other classes of trial court orders are also subject to appeal as a matter of right. App. R. 14(A). "Such appeals must be expressly authorized, and that authorization is to be strictly construed." In re Adoption of S.J., 967 N.E.2d 1063, 1066 (Ind. Ct. App. 2012). All other appeals are subject to discretionary review by this Court, a requirement of which is the trial court's certification of the order to be appealed. App. R. 14(B). Whether an appealed order meets these requirements is a question of subject matter jurisdiction for this Court, and where the parties do not raise jurisdiction as an issue, we may do so sua sponte. Georgos v. Jackson, 790 N.E.2d 448, 451 (Ind. 2003).

Here, Alvarez purportedly appeals the trial court's denial of her motion to correct error as a final judgment. The trial court's order denying Alvarez's motion to correct error ordered the proceedings continued, converted Horizon's motion to dismiss the counterclaim to one for summary judgment, and granted the parties additional time to designate evidence and affidavits. Horizon submitted briefing in support of its motion; Alvarez filed a notice of appeal.

While Alvarez's appeal from the trial court's denial of the motion to correct error was timely filed, we cannot conclude that the order her motion challenged—the summary judgment order of December 28, 2012—is a final judgment, because Alvarez's counterclaim, which may determine the extent of Alvarez's liability and Horizon's entitlement to compensation, remains unadjudicated. Thus, Alvarez's appeal from the trial court's denial of her motion to correct error is interlocutory in nature, and does not fall within the classes of

orders that may be appealed as of right under Appellate Rule 14(A). Nor has Alvarez received trial court certification of that order as is required to take appeal on an interlocutory order. See App. R. 14(B)(1).

We therefore conclude that Alvarez's appeal has not properly been perfected. This Court accordingly lacks the subject matter jurisdiction necessary to review the appeal on its merits.

Dismissed.

BRADFORD, J., concurs.

MAY, J., concurs in result with separate opinion.

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| KELLI ALVAREZ, f/k/a KELLI GALANOS ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 46A03-1304-CC-155 |
| ) | |
| HORIZON BANK, N.A., ) | |
| ) | |
| Appellee-Plaintiff. ) | |
| ) | |

**MAY, Judge, concurring in result with separate opinion**

I concur with the majority's dismissal of Alvarez's appeal, but would reach that result by different reasoning, and I therefore write separately.

On December 28, 2012, the trial court entered summary judgment against Alvarez on Horizon's claim that she owed money on a promissory note. The court ordered her to pay Horizon "$190,644.96 together with accrued interest after May 11, 2012 to the date of judgment at the rate of $38.71 per diem, together with accrued interest after the date of judgment at the post judgment rate of 8% per annum." (Appellant's App. at 10.) My review of the record leads me to conclude, as Alvarez has herself acknowledged: "That Court's grant of summary judgment to Horizon was not dispositive of all issues before the Court regarding

7

Horizon's claim as the Court's order scheduling a hearing on Kelli's counter complaint demonstrates." (*Id*. at 111.) Thus, the summary judgment granted to Horizon was not a final order. *See* Indiana Appellate Rule 2(H) (defining a final judgment as one that "disposes of all claims as to all parties").

Although the December 28 order was not a final judgment, Alvarez did have a right to appeal that interlocutory order, because the court ordered her to pay money to Horizon. *See* App. R. 14(A)(1) (party may file an interlocutory appeal from an order for the payment of money). Appellate Rule 14 states such appeals must be made "within thirty days of that order." Alvarez did not file a notice of appeal within 30 days of that interlocutory order. Instead, she filed what she entitled a "Motion to Correct Error." (*See* App. at 110.)

A motion to correct error may be filed "within thirty days of the court's entry of a final judgment." Ind. Trial Rule 59(C). However, the December 28 order was not a final judgment. Instead, her request for the court to review its December 28 order was a motion to reconsider. *See Hubbard v. Hubbard*, 690 N.E.2d 1219, 1221 (Ind. 1998) ("motions to reconsider are properly made and ruled upon prior to the entry of final judgment").

Nevertheless, a motion to reconsider "shall not delay the trial or any proceedings in the case, or extend the time for any further required or permitted action, motion or proceedings under these rules." T.R. 53.4(A). Thus, the thirty-day period when Alvarez could appeal the December 28 order was not tolled by the filing of her motion to reconsider. *See Johnson v. Estate of Brazill*, 917 N.E.2d 1235, 1239 (Ind. Ct. App 2009) (the filing of a motion to reconsider does not toll the time period within which an appeal can be filed).

8

The notice of appeal that Alvarez filed April 26, 2013 was untimely, *see* App. R. 14(A) (interlocutory appeals must be filed within thirty days of notation of interlocutory order in the Chronological Case Summary), which leaves us without jurisdiction to consider an appeal. *See Neu v. Gibson*, 968 N.E.2d 262, 269 (Ind. Ct. App. 2012) (appellate court does not have jurisdiction over appeals filed in an untimely manner), *trans. denied*. Accordingly, I concur with the majority's decision to dismiss Alvarez's appeal.

Concurring in Result.