

**FILED**

Sep 12 2019, 11:04 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Jonathan A. Bont
Thomas D. Perkins
Mackenzie E. Skalski
Paganelli Law Group
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

State of Indiana,

*Appellant-Plaintiff,*

v.

Luke Bryon Fahringer,

*Appellee-Defendant.*

September 12, 2019

Court of Appeals Case No.
18A-CR-2985

Appeal from the Tippecanoe
Superior Court

The Honorable Randy Williams,
Judge

Trial Court Cause No.
79D01-1610-F3-39

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Plaintiff, State of Indiana (the State), brings this interlocutory appeal of the trial court's Suppression Order.

We dismiss.

# ISSUE

Although the State presents us with two issues on appeal, Appellee-Defendant, Luke Fahringer (Fahringer), filed a motion to dismiss the instant appeal in which he presented one issue, which we find dispositive and restate as: Whether the trial court abused its discretion when it certified its Suppression Order for interlocutory appeal.

# FACTS AND PROCEDURAL HISTORY

On November 19, 2015, a detective with the Tippecanoe County Sheriff's Department took a statement from an alleged victim, C.B., who reported that two men, whom she identified from a photographic array as Fahringer and Henry Williams (Williams), had taken her against her will and forced her to submit to a number of sexual acts. These forced sexual acts reportedly took place at a home on Rockingham Lane in Lafayette, Indiana, and in Fahringer's truck. C.B. also reported that Fahringer used a cell phone to photograph C.B.'s identification card and threatened to kill her family if she reported the offenses.

Later that morning, investigators applied for a search warrant for the home on Rockingham Lane, Fahringer's truck, Fahringer and Williams' cell phones, and

to take DNA samples from Fahringer and Williams. After the search warrant application had been submitted but before the warrant was granted, at approximately 10:30 a.m., investigators encountered Fahringer outside of the home on Rockingham Lane. Fahringer had his cell phone in his possession. Fahringer was not under arrest and was free to leave; however, the investigators informed Fahringer that they had applied for a search warrant and wished to take custody of his cell phone. Fahringer was allowed to use his cell phone to access telephone numbers and contact his attorney before surrendering it. The search warrant was issued at approximately 11:50 a.m., and a search of Fahringer's cell phone revealed a photograph of C.B.'s identification card.

[6] On October 14, 2016, the State filed an Information, charging Fahringer with strangulation, intimidation, kidnapping, conspiracy to commit rape, two Counts of criminal confinement, and three Counts of rape. On July 6, 2018, Fahringer filed a motion seeking to suppress evidence garnered following the warrantless seizure of his cell phone, which he argued was unreasonable under our federal and state Constitutions.[1] On July 9, 2018, after the selection of a jury but before the jury was sworn, the trial court held a hearing on the suppression motion. Fahringer's trial was postponed.

---

[1] The index to the State's Appendix lists an "Order on Motion to Suppress Evidence" dated July 6, 2018, at page 72, but the order entered on that day by the trial court pertained to another pending motion. (Appellant's App. Vol. I, p. 3; Vol. II, p. 72). The trial court did not rule on Fahringer's Motion to Suppress on July 6, 2018.

[7]     On July 12, 2018, the State filed its Motion for Time Extension Regarding Interlocutory Appeal in which it averred as follows:

1. On July 10, 2018[,] the [c]ourt granted [Fahringer's] motion to suppress the cell phone seizure in the instant cause on the record.[2]  The State indicated it would like to seek interlocutory appeal of that decision.

2. At that time, the [c]ourt indicated to the State it would like a formal, written motion for interlocutory appeal be [sic] filed by Friday, July 13, 2018.

3. Indiana Rules of Appellate Procedure Rule 14 indicates that "[a] motion requesting certification of an interlocutory order must be filed within thirty (30) days after the interlocutory order is noted in the Chronological Case Summary unless the trial court, for good cause, permits a belated motion."  The [c]ourt's order has not yet been attached to the Chronological Case Summary at the time of the filing of this motion.

4. Additionally, the State has been in contact with the Indiana Attorney General's Office which handles appellate matters for the State of Indiana.  The Attorney General's office would like a chance to review the [c]ourt's order before proceeding in this matter.

5. For the above reasons, the State requests that it be allowed to file its motion for interlocutory appeal later than Friday July

---

[2]   The trial court's oral ruling was not transcribed for appeal.

13, 2018, but in accordance with Indiana Rules of Appellate
Procedure Rule 14.

(Appellant's App. Vol. II, p. 78). On July 16, 2018, the trial court granted the State's motion seeking to file its request for interlocutory certification later than July 13, 2018. On July 26, 2018, the trial court entered its written order granting Fahringer's Motion to Suppress, finding that the exigent circumstances exception to the warrant requirement did not apply.

[8] On August 21, 2018, the State filed a motion to reconsider the trial court's grant of Fahringer's Motion to Suppress in which it argued new bases in opposition to suppression, namely that the search incident to arrest and plain view exceptions applied to the warrantless seizure of Fahringer's cell phone. On September 21, 2018, the trial court held a hearing on the State's Motion to Reconsider, and, on October 10, 2018, the trial court denied the State's Motion to Reconsider.

[9] On November 5, 2018, the State filed its Motion to Certify Orders for Interlocutory Appeal in which it averred that its Motion to Certify the trial court's Suppression Order was

> not untimely due to the State's initial oral request regarding that order as well as the State awaiting the [c]ourt's ruling on the its [sic] timely filed Motion to Reconsider. This request is filed within thirty (30) days after the order denying the Motion to Reconsider appeared on the Chronological Case Summary. As such, the State submits there is good cause for granting this motion in regards to the [c]ourt's order granting [Fahringer's] Motion to Suppress.

(Appellant's App. Vol. II, p. 102). On November 19, 2018, the trial court certified for interlocutory appeal its July 26, 2018, Suppression Order and its October 10, 2018, order denying the State's Motion to Reconsider. The trial court found "good cause" to grant certification in that "the State initially orally indicated it intended to request an interlocutory appeal of the [c]ourt's oral ruling granting [Fahringer's] Motion to Suppress." (Appellant's App. Vol. II, p. 104). The trial court also found that the State had subsequently filed a timely motion to reconsider and had filed its request for interlocutory appeal certification within thirty days of the denial of that motion to reconsider.

[10] On December 14, 2018, the State moved this court to accept jurisdiction over this interlocutory appeal. On January 18, 2019, the court's motions panel granted the State's motion and accepted jurisdiction. On January 31, 2019, the State filed its Notice of Appeal and thereafter filed a timely Brief of Appellant. On May 23, 2019, Fahringer filed his Brief of Appellee and a separate motion to dismiss in which he argued that the trial court abused its discretion in allowing the State to belatedly seek certification of its interlocutory Suppression Order. On May 30, 2018, the State filed its response to Fahringer's Motion to Dismiss. On June 21, 2019, the court's motions panel held Fahringer's Motion to Dismiss in abeyance for resolution by the panel assigned to resolve the instant appeal.

[11] The State now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

[12] The State has sought a discretionary appeal from an interlocutory suppression order. *See* Ind. Appellate Rule 14(B). The initiation of such an appeal is a two-step process, the first step of which is to obtain certification of the interlocutory order by the trial court. App. R. 14(B)(1). A motion for certification of an interlocutory order must be filed with the trial court within thirty days of the entry of the order on the case's Chronological Case Summary (CCS) "unless the trial court, for good cause, permits a belated motion." App. R. 14(B)(1)(a). When a trial court grants a belated motion, it must make a finding that its certification is based on a showing of good cause, and it must set forth its basis for that finding. *Id*. We review a trial court's finding of good cause for an abuse of discretion. *State v. Foy*, 862 N.E.2d 1219, 1224 (Ind. Ct. App. 2007), *trans. denied*. An abuse of discretion occurs when the trial court's decision to certify is clearly against the logic and effect of the facts and circumstances before the trial court or the reasonable and probable deductions to be drawn therefrom. *Buchanan ex rel. Buchanan v. Vowell*, 926 N.E.2d 515, 518 (Ind. Ct. App. 2010).

[13] Here, the trial court entered its Suppression Order on the CCS on July 26, 2018. The State did not file its request to certify the Suppression Order for interlocutory appeal until November 5, 2018. The State's request for certification was filed more than thirty days after the entry of the interlocutory order, and, therefore, was untimely. *See* App. R. 14(B)(1)(a). The trial court explained in its order granting the State's request for certification that good

cause for doing so existed because the State had notified the trial court orally of its intention to pursue an appeal after the trial court initially orally granted Fahringer's Motion to Suppress on July 10, 2018. It also found that the State had pursued a motion to reconsider and filed its request for certification within thirty days of the denial of that motion to reconsider. In his Motion to Dismiss, Fahringer argues that the trial court abused its discretion in certifying the State's belated request because the State's oral notification to the trial court of its intention to pursue an interlocutory appeal did not constitute good cause and the State's Motion to Reconsider did not toll the time for the State to initiate its appeal.

[14] We agree with Fahringer. Indiana Appellate Rule 14(B)(1)(e) provides that if a trial court fails to rule on or set a certification motion for a hearing within thirty days of its filing, it is deemed denied. Had the trial court considered the State's oral notification on July 10, 2018, of its intention to pursue an interlocutory appeal to be a request for certification, that request would have been deemed denied after thirty days elapsed—here, on August 9, 2018—without the trial court ruling on the motion or setting it for a hearing. After a certification request is deemed denied by operation of Rule 14(B)(1)(e), a trial court may not resuscitate that request later by belatedly granting the motion. *Wise v. State*, 997 N.E.2d 411, 413 (Ind. Ct. App. 2013). However, even if the trial court had not construed the State's oral notification of its intent to seek certification as an actual request to certify, to find such an oral notification to constitute good cause for a belated filing is to essentially allow a litigant to ignore the Rules of

Appellate Procedure. This is not a case where the State was unaware of the strictures of Appellate Rule 14. The State quoted Appellate Rule 14 when it sought and was granted an extension of time of the trial court's truncated July 13, 2018, deadline for filing a certification request, and the State represented it would file its certification request "in accordance with Indiana Rules of Appellate Procedure Rule 14." (Appellant's App. Vol. II, p. 78).

[15] Instead of filing a motion for certification, the State chose to file a motion to reconsider. Indiana Rule of Trial Procedure 53.4(A) provides that a motion to reconsider "shall not delay the trial or any proceedings in the case, or extend the time for any further required or permitted action, motion, or proceedings under these rules." This court has noted that, although a party may properly file a motion with the trial court to reconsider an interlocutory ruling, the filing of such a motion is "fraught with danger" because it does not extend the time within which to seek an appeal of an interlocutory order. *Johnson v. Estate of Brazill*, 917 N.E.2d 1235, 1241 (Ind. Ct. App. 2009). Here, the State chose to pursue a motion to reconsider instead of immediately filing a request for certification of the trial court's suppression order, which it was entitled to do. *Id*. However, the filing of that motion did not toll the time within which the State was required to file a certification request, and, therefore, contrary to the trial court's conclusion here, it could not constitute good cause for a belated certification request.

[16] In addition, a motion to reconsider is deemed denied if not ruled upon by the trial court within five days. T.R. 53.4(B). The State's Motion for

Reconsideration, filed August 21, 2018, was deemed denied five days later by operation of Trial Rule 53.4, and so its request for certification, filed on November 5, 2018, was not timely as to the denial of that trial court order. Even so, the State contends that it argued different grounds against suppression in its Motion to Reconsider and the trial court had the authority to create a new, appealable order by ruling on that motion. This argument is unavailing, as the trial court did not grant the Motion to Reconsider, and, thus, its Suppression Order did not change. *See Johnson*, 917 N.E.2d at 1241 (rejecting the argument that an order denying a motion to clarify and simply affirming the trial court's previous ruling created a new, appealable order). We find, therefore, that neither rationale relied upon by the trial court in granting certification was within its discretion and that the State failed to show good cause for the belated filing of its request for certification. *See Foy*, 862 N.E.2d at 1224.

[17] Although the failure to initiate a timely interlocutory appeal does not deprive this court of jurisdiction, it results in forfeiture of the right to appeal absent "extraordinarily compelling reasons." *Snyder v. Snyder*, 62 N.E.3d 455, 458 (Ind. Ct. App. 2016). In its response to Fahringer's Motion to Dismiss, the State argues that "[m]uch of the delay occurred while the parties where [sic] actively litigating the motion to reconsider including briefing and a hearing[,]" an argument which we find to be equally as unpersuasive for showing a compelling reason to ignore the State's forfeiture of its appellate right as we did for showing good cause for filing a belated certification request. (Appellee's

Response to Motion to Dismiss, pp. 1-2). The State also argued in its response to the Motion to Dismiss that it, the trial court, and Fahringer, all agreed that the State would be allowed to seek interlocutory appeal of the trial court's Suppression Order. Our review of the portion of the transcript cited by the State in support of Fahringer's consent to an interlocutory appeal does not reveal that the parties specifically discussed the availability of interlocutory appeal. However, even if the parties and the trial court had all agreed that the State could pursue an interlocutory appeal after the resolution of the State's Motion to Reconsider, the State does not offer us any authority for its apparent proposition that the Indiana Rules of Trial Procedure and Appellate Procedure may be flouted by mutual agreement. We find that the State has not presented us with any extraordinarily compelling reason to disregard its failure to pursue timely certification of the trial court's suppression order, and we dismiss this appeal for procedural default.

## CONCLUSION

[18] Based on the foregoing, we conclude that the trial court's certification of its Suppression Order for interlocutory appeal was an abuse of its discretion, and we find no compelling reason to disregard the State's failure to initiate a timely interlocutory appeal.

[19] Dismissed.

[20] Vaidik, C. J. and Bradford, J. concur