**FOR PUBLICATION**

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

FILED

Feb 20 2013, 9:34 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| RALPH PIPKIN, )<br><br>Appellant-Defendant, )<br><br>vs. )<br><br>STATE OF INDIANA )<br><br>Appellee-Plaintiff. ) | No.  49A02-1206-CR-447 |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marc T. Rothenberg, Judge
Cause No. 49F09-0906-FD-55782

**February 20, 2013**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Ralph Pipkin ("Pipkin") was charged with Failure to Register, as a Class D felony. See Ind. Code § 11-8-8-7. He subsequently moved to dismiss the charge as an impermissible ex post facto punishment as applied to him; the trial court denied the motion. He later moved to dismiss the charge under speedy trial rules; the trial court again denied dismissal. Pipkin then sought interlocutory review of the order denying dismissal on ex post facto grounds.

Determining sua sponte that we lack jurisdiction to hear this appeal, we dismiss.

**Facts and Procedural History**

In 1982, Pipkin was convicted of Rape in California. At the time of his release from imprisonment, California required Pipkin to register with local authorities. Rather than remain in California, however, Pipkin moved to Indiana in 1986 and remained a resident of the state thereafter.

In 2002, Pipkin was convicted of Forgery. After his release from imprisonment for that offense, Pipkin was instructed to register as a sex offender as a result of his 1982 conviction for Rape in California.

Pipkin complied with the registration requirements in 2002. However, on June 16, 2009, the State charged Pipkin with Failure to Register between October 17, 2008, and April 21, 2009.

On August 5, 2010, Pipkin moved to dismiss the charge against him, arguing that the registration requirement under the Indiana Sex Offender Registration and Notification Act is an ex post facto punishment under the Indiana Constitution as applied to him ("first motion to

2

dismiss"). The trial court conducted a hearing and on September 8, 2011 denied the first motion to dismiss and entered the denial of the motion into the CCS the same day.

On April 18, 2012, Pipkin again moved to dismiss, this time under our speedy trial rules ("second motion to dismiss"). See Ind. Crim. Rule 4. On April 25, 2012, the trial court denied Pipkin's second motion to dismiss.

On May 3, 2012, Pipkin sought the trial court's certification of the order denying his first motion to dismiss. The trial court granted certification on May 3, 2012, and Pipkin filed his Notice of Appeal. This appeal ensued.

**Discussion and Decision**

Though neither party raises the issue on appeal, this Court has an obligation to determine sua sponte whether it has the requisite jurisdiction to decide cases before it. Johnson v. Estate of Brazill, 917 N.E.2d 1235, 1239 (Ind. Ct. App. 2009). Our review of the record leads us to conclude that we do not have jurisdiction here.

Appellate Rule 14(B) requires that a party seeking discretionary interlocutory review of a trial court's order must seek certification of the appealed order within thirty days of its entry by the trial court. Ind. Appellate Rule 14(B)(1)(a). Where the thirty-day period has elapsed and the trial court certifies an order for discretionary interlocutory appeal, the court must enter a finding that good cause was shown for the delay in seeking certification of the appeal. Id. Failure to timely perfect an appeal deprives this Court of jurisdiction to decide the case. Johnson, 917 N.E.2d at 1239.

Here, Pipkin sought interlocutory review in April 2012 of the September 2011 order

denying his first motion to dismiss.  While the trial court certified that order for interlocutory appeal, the trial court did not enter any findings under Rule 14(B)(1)(a) that there was good cause shown for belated certification of an appeal from the denial of the first motion to dismiss.  Further, our review of the record reveals no evidence that would establish good cause for a belated appeal from the order denying the first motion to dismiss.  Indeed, we note that the trial court told Pipkin during the September 2011 hearing, at which the court denied the first motion to dismiss, that the court "[didn't] have a problem signing off on some sort of interlocutory appeal on this matter."  (Tr. at 11.)

Because the trial court failed to find good cause for belatedly pursuing an interlocutory appeal from the first motion to dismiss, Pipkin's appeal was not properly perfected.  We therefore lack jurisdiction over this matter, and must dismiss his appeal.

Dismissed.

VAIDIK, J., and BROWN, J., concur.