Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED
Sep 05 2013, 5:32 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PATRICK STERN**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| EZEKIER BREAZIEL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1209-CR-731 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Steven R. Eichholtz, Judge
Cause No. 49G20-1010-FA-77592

September 5, 2013

MEMORANDUM DECISION - NOT FOR PUBLICATION

**BAILEY, Judge**

**Case Summary**

Ezekier Breaziel ("Breaziel") was charged with Dealing in Cocaine or a Narcotic Drug, as a Class A felony;[1] Possession of Cocaine or a Narcotic Drug, as a Class C felony;[2] and Unlawful Possession of a Firearm by a Serious Violent Felon, as a Class B felony.[3] Breaziel pursued a motion to suppress evidence obtained after a warrantless search of his car. The trial court granted suppression of certain evidence and testimony as discovery sanctions, but denied Breaziel's motion to dismiss the charges against him. The trial court denied the motion, but granted Breaziel's motion for certification of an interlocutory appeal. Breaziel did not timely pursue the appeal, and later moved for certification of a belated interlocutory appeal, which the trial court granted. This Court subsequently accepted jurisdiction over the appeal.

Concluding sua sponte that we lack authority under the Appellate Rules to accept jurisdiction of Breaziel's appeal, we dismiss.

**Facts and Procedural History**

On October 7, 2010, narcotics detectives from the Indianapolis Metropolitan Police Department ("IMPD") were conducting surveillance of Breaziel. That evening, Detective Aaron Tevebaugh ("Detective Tevebaugh") was following a black Chevrolet Impala, which was driven by Breaziel. Detective Tevebaugh contacted a uniformed patrol officer, Nicholas Andrews ("Officer Andrews"), and requested that he assist in the surveillance of Breaziel's

---

[1] Ind. Code §§ 35-48-4-1(a) & (b).

[2] I.C. §§ 35-48-4-6(a) & (b).

[3] I.C. § 35-47-4-5(c).

car.

Officer Andrews observed Breaziel commit three moving violations while driving; he then initiated a traffic stop. With Officer Andrews that night was a canine officer, Ronald Santa ("Officer Santa"), along with Officer Santa's canine partner. Officer Santa brought his canine partner to Breaziel's car. After this, Officer Andrews searched Breaziel's car and found over 49 grams of a substance later determined to be heroin. Breaziel was then arrested.

Based upon the recovery of heroin from Breaziel's vehicle, as well as other information obtained during the investigation, police obtained search warrants to search two residences and a business to which Breaziel was connected. Execution of the search warrants resulted in discovery of a .44-caliber pistol.

On October 11, 2010, Breaziel was charged with Dealing in Cocaine or Narcotic Drug, Possession of Cocaine or Narcotic Drug, and Unlawful Possession of a Firearm by a Serious Violent Felon.[4]

On March 31, 2011, Breaziel filed a motion seeking to bar testimony from certain witnesses; among these witnesses was Officer Santa, who had refused to offer deposition testimony. The same day, Breaziel and the State agreed that Officer Santa's testimony would be excluded from evidence at trial.

On June 22, 2011, Breaziel filed a motion to suppress evidence obtained as a result of the search of his vehicle by Officer Andrews, contending that the vehicle search violated

---

[4] The State alleged that Breaziel had, in 1998, been convicted of Criminal Confinement, as a Class B felony.

Breaziel's rights under the Indiana Constitution. On August 23, 2011, the trial court conducted an evidentiary hearing on the motion. At the hearing's conclusion, the trial court ruled from the bench that the evidence obtained from the search of the vehicle was inadmissible as a discovery sanction related to the exclusion of trial testimony from Officer Santa. The court refrained from concluding that the search was either constitutionally permissible or impermissible.

On September 16, 2011, Breaziel filed a motion to dismiss the charges against him. Breaziel argued that the trial court's ruling from the bench was in essence a conclusion that his rights under the Fourth Amendment to the United States Constitution had been violated by the search. Consequently, Breaziel argued, all other evidence in the case was subject to suppression under the "fruit of the poisonous tree" doctrine. See, e.g., Mapp v. Ohio, 367 U.S. 643 (1961).

A hearing on Breaziel's motion to dismiss was conducted on September 27, 2011. At the hearing, the trial court reiterated its conclusion that the exclusion of Officer Santa's testimony, and the concomitant exclusion from evidence of the drugs obtained from Officer Andrews's search of the car, were discovery sanctions and not the result of a decision on constitutional grounds. The court therefore declined to extend the scope of the excluded evidence to the items obtained from service of the search warrants, and accordingly declined to grant the motion to dismiss.

On September 28, 2011, Breaziel filed a motion for clarification of the trial court's decision, setting forth Breaziel's position that the trial court's exclusion of Officer Santa's

testimony and evidence from Officer Andrews's search of Breaziel's vehicle required suppression of evidence from the searches of the residential and business premises connected to Breaziel. On October 21, 2011, the trial court issued an order finding that Breaziel was not entitled to suppression of the evidence.

On November 14, 2011, Breaziel filed a supplemental motion to suppress evidence, this time pointing to ambiguities in Officer Andrews's testimony concerning his participation in a search of Breaziel's business premises.

On November 28, 2011, a hearing was conducted on the supplemental motion to suppress, at which Detective Tevebaugh testified. During the hearing, the trial court denied the motion to suppress, finding that ambiguity in Officer Andrews's testimony could readily be reconciled with Detective Tevebaugh's testimony. At the conclusion of the hearing, Breaziel requested that the trial court grant interlocutory appeal of the court's rulings on the various issues related to the denials of the motions to suppress evidence, and the State indicated it would pursue a cross-appeal on the trial court's sanctions related to Officer Andrews's search of Breaziel's car. The trial court agreed to certify the matter for interlocutory appeal.

Subsequent to this, on December 20, 2011, a trial court magistrate denied a written motion to certify interlocutory appeal. On January 19, 2012, Breaziel requested that the trial court overrule the magistrate's order denying interlocutory appeal in light of the trial court's prior ruling on November 28, 2011; consequently, the trial court vacated the magistrate's ruling and granted certification of an interlocutory appeal.

On June 5, 2012, Breaziel filed a motion under Criminal Rule 4(C) seeking dismissal of the charging information. A hearing was conducted on that motion on July 16, 2012, during which the trial court denied the motion to dismiss. During that hearing, Breaziel indicated to the trial court that he had not received a copy of the trial court's January 19, 2012, order vacating the magistrate's order and certifying the interlocutory appeal. Breaziel orally requested, and the trial court granted from the bench, permission to pursue an interlocutory appeal.

On August 14, 2012, Breaziel filed, in writing, a belated petition to certify an interlocutory appeal, again seeking certification of an appeal from the trial court's denial of his several motions to suppress evidence and dismiss charges. On August 15, 2012, the trial court entered a written order certifying Breaziel's belated interlocutory appeal.

This Court accepted jurisdiction on October 19, 2012, and this appeal ensued.

**Discussion and Decision**

Breaziel appeals the trial court's denial of his motion to dismiss the charges against him, and the State responds to these arguments in its brief. However, this Court has an independent duty to determine whether it may properly decide cases that come before it. Pipkin v. State, 982 N.E.2d 1085, 1086 (Ind. Ct. App. 2013). Concluding that we cannot properly accept jurisdiction over Breaziel's appeal, we must dismiss.

Appellate Rule 14 provides:

An appeal may be taken from other interlocutory orders if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal.

6

> (1) Certification by the Trial Court. The trial court, in its discretion, upon motion by a party, may certify an interlocutory order to allow an immediate appeal.
>
> > (a) Time for Filing Motion. A motion requesting certification of an interlocutory order must be filed in the trial court within thirty (30) days after the date the interlocutory order is noted in the Chronological Case Summary unless the trial court, for good cause, permits a belated motion. If the trial court grants a belated motion and certifies the appeal, the court shall make a finding that the certification is based on a showing of good cause, and shall set forth the basis for that finding.

Ind. Appellate Rule 14(B) (emphasis added). Failure to timely perfect an appeal deprives this court of authority to decide a case. Johnson v. Estate of Brazill, 917 N.E.2d 1235, 1239 (Ind. Ct. App. 2009). This Court has also dismissed appeals for failure to comply with the requirements of Appellate Rule 14(B) that a trial court's order certifying a belated interlocutory appeal both find good cause for the belated appeal and set forth the basis for the finding. Pipkin, 982 N.E.2d at 1086.

Breaziel's appeal fails to comply with the requirements of Appellate Rule 14(B) and falls squarely within this Court's holdings in Johnson and Pipkin. The trial court permitted Breaziel to pursue an interlocutory appeal of its order on the motion to suppress as early as November 28, 2011. A magistrate later denied certification of a written motion for certification of an interlocutory appeal, but the trial court vacated that order and reinstated certification of the interlocutory appeal on January 19, 2012.

Breaziel did not pursue an appeal at that time, later representing to the trial court that this was the result of failure to receive a copy of the order vacating the magistrate's order denying certification of the appeal. The trial court granted belated certification of the

interlocutory appeal on August 15, 2012, but its order does not find any good cause for granting that belated appeal, nor does it articulate any basis for such a finding. While it may be the case that a belated interlocutory appeal was certified because of Breaziel's representation to the trial court in July 2012 that he did not receive notice of the January 19, 2012 order reinstating certification to pursue interlocutory appeal, we cannot determine as much from the trial court's August 15, 2012 order.

Failure to comply with the requirements for a belated interlocutory appeal under Appellate Rule 12(B) deprives this Court of authority to accept jurisdiction over Breaziel's appeal.

Dismissed.

MAY, J., and BRADFORD, J., concur.