**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 30 2014, 9:58 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BRYAN M. TRUITT**
Bertig & Associates, LLC
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRANDON SCROGGIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 64A04-1306-CR-312 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable William E. Alexa, Judge
Cause No. 64D02-1205-FC-4572

**June 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Brandon Scroggin ("Scroggin") was convicted after a jury trial of Arson, as a Class D felony;[1] Intimidation, as a Class D felony;[2] Criminal Mischief, as a Class A misdemeanor;[3] and Receiving Stolen Auto Parts, as a Class C felony.[4] The jury also found Scroggin to be a Habitual Offender.[5] He now appeals, raising several issues concerning his sentencing.

The State cross-appeals, contending that this Court should dismiss the appeal for lack of jurisdiction, because Scroggin did not timely seek an appeal and the trial court granted his motion to seek a belated appeal without complying with the requirements of Appellate Rule 9 and Post-Conviction Rule 2.

We dismiss.

**Facts and Procedural History**

Because we conclude that we lack jurisdiction over this appeal, we recite only those facts and procedural matters that are relevant to our decision today.

On August 9, 2012, Scroggin was found guilty of Arson, Intimidation, Criminal Mischief, and Receiving Stolen Auto Parts. On January 4, 2013, the trial court sentenced Scroggin to three years imprisonment for Arson, three years imprisonment for Intimidation, one year imprisonment for Criminal Mischief, and eight years imprisonment for Receiving

---

[1] Ind. Code § 35-43-1-1.

[2] I.C. § 35-45-2-1.

[3] I.C. § 35-43-1-2(a)(2)(A).

[4] I.C. § 35-43-4-2.5(c).

[5] I.C. § 35-50-2-8.

2

Stolen Auto Parts; the sentences were run consecutively to one another. Pursuant to the jury's finding that Scroggin was a Habitual Offender, the trial court enhanced his sentence by 4 ½ years. This yielded an aggregate term of imprisonment of 19 ½ years.

During the sentencing hearing, Scroggin stated that he would appeal but declined any assistance from appointed counsel, insisting instead that he would proceed pro se in his appeal.

On February 4, 2013, Scroggin, still proceeding pro se, filed a motion with the trial court requesting appointment of appellate counsel for the purpose of pursuing an appeal. The trial court granted this motion on February 6, 2013, appointed counsel, and ordered counsel to file a notice of appeal within thirty days of the February 6 order. Counsel failed to do so.

On May 24, 2013, Scroggin, by counsel, filed a motion for leave to seek a belated appeal. In the motion, Scroggin alleged that he was entitled to seek a belated appeal under Post-Conviction Rule 2. The trial court granted Scroggin's motion the same day, without conducting a hearing on the motion.

This proceeding ensued.

**Discussion and Decision**

In his briefs, Scroggin addresses several issues concerning the trial court's sentencing decision. The State contends that Scroggin cannot properly pursue this appeal, and requests that we dismiss this appeal with prejudice. In reply, Scroggin requests that if we dismiss the appeal, we do so without prejudice so that he can pursue a belated appeal in compliance with the requirements of Post-Conviction Rule 2.

Indiana Appellate Rule 9 provides:

> A party initiates an appeal by filing a Notice of Appeal with the Clerk (as defined in Rule 2(D)) within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary. However, if any party files a timely motion to correct error, a Notice of Appeal must be filed within thirty (30) days after the court's ruling on such motion is noted in the Chronological Case Summary or thirty (30) days after the motion is deemed denied under Trial Rule 53.3, whichever occurs first.

Ind. Appellate Rule 9(A)(1).

Rule 9 further provides: "Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by P.C.R. [Post-Conviction Rule] 2." App. R. 9(A)(5).

Post-Conviction Rule 2, which sets forth the procedural requirements for pursing a belated appeal from a criminal conviction, provides:

> An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;
>
> (1) the defendant failed to file a timely notice of appeal;
>
> (2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
>
> (3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

Ind. Post-Conviction Rule 2(1)(a).

An "eligible defendant," as provided by the Rule, "is a defendant who, but for the defendant's failure to do so timely, would have the right to challenge on direct appeal a conviction or sentence after a trial or plea of guilty by filing a notice of appeal, filing a motion to correct error, or pursuing an appeal." P.C.R. 2. Decisions under Post-Conviction

4

Rule 2 are within the discretion of the trial court, and the defendant must bear the burden of proving his eligibility to pursue a belated appeal under the Rule. Moshenek v. State, 868 N.E.2d 419, 422-23 (Ind. 2007).

Our review of the record does not disclose that Scroggin filed a motion to correct error. Scroggin was therefore required to file a notice of appeal within thirty days of the entry of the trial court's January 4, 2013, sentencing order; thus, Scroggin's notice of appeal should have been filed no later than February 4, 2013.

Scroggin did not file a notice of appeal on that date. Instead, on February 4, 2013 he filed a motion seeking appointment of a public defender to pursue an appeal, which the trial court granted two days later, on February 6, 2013. In its order, the trial court granted Scroggin an additional thirty days in which to file a notice of appeal. Scroggin did not file a notice of appeal until after he filed a May 24, 2013 motion requesting permission to pursue a belated appeal under Post-Conviction Rule 2.

Yet Scroggin's notice of appeal was late as early as February 6, 2013, and the trial court did not at that time enter findings that Scroggin's request for counsel satisfied the requirements of Post-Conviction Rule 2. The February 6, 2013 order does not address the factors required for an appeal under that rule; rather, it simply grants an extension of time, contrary to the provisions of Appellate Rule 9. That is, the trial court's decision on February 6, 2013, does not reflect that Scroggin satisfied the requirements of Post-Conviction Rule 2. And failure to timely file a notice of appeal or to comply with the requirements for pursuing a belated appeal deprives this Court of jurisdiction to address the merits of a case. See, e.g.,

Pipkin v. State, 982 N.E.2d 1085, 1086 (Ind. Ct. App. 2013); Johnson v. Estate of Brazill, 917 N.E.2d 1235, 1239-42 (Ind. Ct. App. 2009) (each addressing belated interlocutory appeals).

We accordingly dismiss Scroggin's appeal without prejudice.

Dismissed.

KIRSCH, J., and MAY, J., concur.