CITIZENS INDUSTRIAL GROUP,
Appellant–Intervenor,

v.

HEARTLAND GAS PIPELINE, LLC,
et al, Appellees–Petitioners and
statutory party.

No. 93A02–0601–EX–42.

Court of Appeals of Indiana.

Nov. 9, 2006.

John F. Wickes, Jr., Todd A. Richardson, Jennifer Wheeler Terry, Lewis & Kappes, Indianapolis, IN, Attorneys for Appellant.

Daniel W. McGill, Barnes & Thornburg LLP, Indianapolis, IN, Attorney for Heartland Gas Pipeline, LLC.

Michael B. Cracraft, Hackman Hulett & Cracraft, LLP, Indianapolis, IN, Attorney for Citizens Gas & Coke Utility.

## OPINION

MATHIAS, Judge.

Heartland Gas Pipeline, LLC ("Heartland") and Board of Directors for Utilities of the Department of Public Utilities of Indianapolis, d/b/a/ Citizens Gas & Coke Utility ("Citizens Gas"), filed a petition with the Indiana Utility Regulatory Commission ("IURC") seeking, among other things, approval of a proposed transfer of storage capacity to Heartland. The IURC approved the proposal. Citizens Industrial Group ("CIG"), an ad hoc group of industrial customers, now appeals, arguing that the approved proposal violates a previous settlement agreement. Concluding that CIG did not file a timely appeal under the appellate rules, we dismiss.

### Facts and Procedural History

This appeal concerns the participants in the partially deregulated natural gas market. In the early 1990s, the federal government began deregulating the natural gas industry in order to prevent monopolies over interstate pipelines, to increase competition and to lower costs. As a result, transportation of gas was "unbundled" from the sale of gas, which allowed consumers to buy gas and pipeline access to transport the gas separately. *Gen. Motors Corp. v. Tracy,* 519 U.S. 278, 284, 117 S.Ct. 811, 136 L.Ed.2d 761 (1997). Many publicly owned utilities, like Citizens Gas, then created subsidiaries to focus on creating and managing sales transactions portfolios that would allow the public utilities to obtain the best rates for each now unbundled part of the natural gas supply chain.

Citizens Gas is a municipally owned utility that provides natural gas service to approximately 265,620 residential, commercial, and industrial customers in and around Marion County, Indiana. In 1996, following the deregulation of the natural gas industry, Citizens Gas and what is today known as Vectren Corporation jointly formed ProLiance Energy LLC ("ProLiance") to manage the public utilities' natural gas supply contracts. *U.S. Gypsum, Inc. v. Ind. Gas Co.,* 735 N.E.2d 790, 794 (Ind.2000). In *U.S. Gypsum,* the Indiana Supreme Court upheld the IURC's approval of the creation of ProLiance. Since that time, ProLiance has provided Citizens Gas with wholesale gas supply and interstate pipeline transportation service based upon Citizens Gas's demand forecast.

After the supreme court's decision in *U.S. Gypsum,* the Indiana Office of the Utility Consumer Counselor ("OUCC"), the Board of Directors for Utilities of the Department of Public Utilities of the City of Indianapolis, and Citizens Gas negotiated a set of guidelines to govern the relationships between Citizens Gas and its affiliates. Generally, these guidelines were set forth to prevent Citizens Gas from

favoring its affiliates that are not regulated by the IURC, such as ProLiance. The signatories to the Affiliate Guidelines agreed that the guidelines would be approved and enforced by the IURC.

On September 30, 2004, Citizens Gas filed a petition with the IURC for approval of an agreement that would provide certain storage services to Heartland from the underground storage field ("UGS") that it owns and operates in Greene County, Indiana. Citizens By–Products Coal Company (a wholly-owned subsidiary of Citizens Gas) and ProLiance Transportation & Storage–Heartland LLC (a wholly-owned subsidiary of ProLiance) had created Heartland as a joint venture specifically for what it has termed the "Heartland Project."

On the same day that Citizens Gas filed its petition, Heartland filed a petition with the IURC for a certificate of public convenience and necessity and indeterminate permit for the construction of a natural gas pipeline, approval for transportation and storage agreements, and approval of a Gas Tariff applicable to its transportation and storage services. Part of this request sought the IURC's approval for transfer of the storage capacity it would receive from Citizens Gas in the Greene County UGS to ProLiance, Citizens Gas's affiliate.

Heartland filed a motion on October 8, 2004, to consolidate these two causes, which the IURC granted on November 3, 2004. On March 17, 2005, an ad hoc group of industrial customers known as the Citizens Industrial Group ("CIG") filed a petition to intervene. The IURC held a hearing on the matter on April 21 and 22, 2005. On October 5, 2005, the IURC issued its Order, granting all of the regulatory approvals sought by Heartland and Citizens Gas. In its decision, the IURC found that the Heartland Project was in the public interest as the new pipeline would allow greater diversity of natural gas supply, which would provide cost savings to Citizens Gas and its customers. The IURC further found that the storage service agreement would allow the public to realize immediate benefits from the improved utilization of Citizens Gas's UGS, as well as serving to finance the construction of the pipeline. It found that the storage agreement did not violate the Affiliate Guidelines as Heartland would be a fully-regulated Indiana public utility subject to the continuing oversight of the IURC, and therefore not an "affiliate" as defined by the guidelines.

On October 25, 2005, CIG filed a Petition for Partial Reconsideration under Indiana Administrative Code title 170, r. 1–1.1–22(e) (2000), seeking reconsideration solely on the issue of whether the underground storage transfer to Heartland and subsequently to ProLiance violated the Affiliate Guidelines. Heartland and Citizens Gas filed a response on November 4, 2005, and CIG then filed a reply on November 14, 2005. The IURC denied CIG's petition on December 21, 2005, finding that CIG's petition was repetitious of the arguments it had already presented during the hearing.

CIG filed a notice of appeal on January 20, 2006. Heartland and Citizens Gas filed a joint motion to dismiss the appeal on the following February 10th, arguing that CIG had failed to file a timely notice of appeal. On March 21, 2006, our motions panel summarily denied Heartland and Citizens Gas's motion to dismiss. Additional facts will be provided as necessary.

**Discussion and Decision**

■ Heartland and Citizens Gas contend that this appeal should have been dismissed, as CIG's notice of appeal was untimely filed. Even though our motions panel has already ruled on this jurisdictional issue, Heartland and Citizens Gas

are not precluded from presenting their arguments to us. *Smith v. Deem,* 834 N.E.2d 1100, 1103 (Ind.Ct.App.2005), *trans. denied.* "It is well established that we may reconsider a ruling by the motions panel." *Cincinnati Ins. Co. v. Young,* 852 N.E.2d 8, 12 (Ind.Ct.App.2006). However, "we decline to do so in the absence of clear authority establishing that it erred as a matter of law." *Oxford Fin. Group, Ltd. v. Evans,* 795 N.E.2d 1135, 1141 (Ind.Ct. App.2003). As this issue pertains to whether we can address the merits of CIG's claim, we first address the timeliness of CIG's notice of appeal as a threshold matter.

■ Heartland and Citizens Gas argue that Indiana Appellate Rule 9(A)(3) makes no provision for extending the thirty-day time limit for filing a notice of appeal to account for an administrative agency's reconsideration process. Advancing this proposition, they conclude that because CIG waited to file its notice of appeal until January 20, 2006, nearly three months after the date of the IURC's order, CIG failed to file a timely notice of appeal.

■ We note that in general civil practice a motion to reconsider does not toll the time period within which an appellant must file a notice of appeal. Trial Rule 53.4 provides:

> [A repetitive motion or a motion to reconsider orders or rulings] by any party or the court or such action to reconsider by the court shall not delay the trial or any proceedings in the case, or extend the time for any further required or permitted action, motion, or proceedings under these rules.

Ind. Trial Rule 53.4(A) (2006). In civil practice a party can only file a motion to reconsider with the court if the action remains *in fieri. Wisconics Engineering, Inc. v. Fisher,* 466 N.E.2d 745, 752 (Ind.Ct. App.1984), *trans. denied.* If the trial court has issued a final judgment, the party must file a motion to correct errors rather than a motion to reconsider. *Waas v. Ill. Farmers Ins. Co.,* 722 N.E.2d 861, 862 (Ind.Ct.App.2000). However, the Indiana Administrative Code provides that "[f]ollowing a *final order,* any party to a proceeding may file with the commission and serve upon all parties of record a petition for rehearing and reconsideration within twenty (20) days of the entry of the final order, unless an applicable statute shall specifically fix a longer period." Ind. Admin. Code tit. 170, r. 1–1.1–22(e) (2006) (emphasis added). Therefore, in an administrative proceeding, a motion to reconsider or a motion for rehearing filed with the administrative agency serves the same function as a motion to correct error filed with the trial court.

Indiana Appellate Rule 9(A)(1) addresses the trial court's use of motions to correct error by providing that "if any party files a timely motion to correct error, a Notice of Appeal must be filed within thirty (30) days after the court's ruling on such motion, or thirty (30) days after the motion is deemed denied under Trial Rule 53.3, whichever occurs first." Ind. Appellate Rule 9 (2006). However, Appellate Rule 9(A)(3), governing appeals from administrative agency decisions, does not contain such language regarding a petition for reconsideration, the administrative procedure's counterpart to a motion to correct error. Specifically, Appellate Rule 9(A)(3) provides:

> A judicial review proceeding taken directly to the Court of Appeals from an order, ruling or decision of an Administrative Agency is commenced by filing a Notice of Appeal with the Administrative Agency within thirty (30) days after the date of the ruling, order or decision,

*notwithstanding any statute to the contrary.*

App. R. 9(A)(3) (emphasis added).

Heartland and Citizens Gas argue that the plain language of this rule requires an appellant to file a notice of appeal within thirty days of the agency's order. They further contend that if an appellant wishes to file a motion to reconsider with the agency, the appellant must first file its notice of appeal as required by Appellate Rule 9(A)(3), and then utilize Appellate Rule 37 by filing a motion for temporary stay of the appeal until the administrative agency has ruled on the petition.

On the other hand, CIG contends that its notice of appeal was timely filed, as Indiana Code section 8–1–3–2(b) purports to extend an appellant's time to file the notice of appeal to thirty days after the IURC issues its ruling on a petition for rehearing. In fact, Indiana Code section 8–1–3–2(b), provides:

> The appeal *shall not* be submitted prior to [the] determination of the petition for rehearing,[1] and the decision of the commission on the petition shall not be assigned as error unless the final decision, ruling, or order of the commission is modified or amended as a result of the petition without further hearing ordered.

Ind.Code § 8–1–3–2(b) (2006) (emphasis added).

We acknowledge that equity would seem to favor giving administrative agencies the same second chance to review their decisions as trial courts are afforded, while at the same time preventing appellants from undertaking the cumbersome appeal process that Citizens Gas and Heartland propose. However, we are constrained by the language of the rules of appellate procedure. The plain language of Appellate Rule 9(A)(3) clearly and unequivocally states that a party appealing from an administrative agency's order must file a notice of appeal "within thirty (30) days after the date of the order, ruling or decision, *notwithstanding any statute to the contrary*" (emphasis added). This rule is clearly incompatible with the procedure set forth in Indiana Code section 8–1–3–2(b), which tolls the time limit while a motion to reconsider is pending.

■ "Where there is a direct conflict between the statute and the [appellate] rule[s ...] in a purely procedural matter fixing a time limitation on appeals, the statutory provision must fall." *McCormick v. Vigo County High Sch. Bldg. Corp.*, 248 Ind. 263, 268, 226 N.E.2d 328, 331 (Ind.1967). Therefore, we conclude that to comply with the rules of appellate procedure, an appellant must file a notice of appeal within thirty days of the date when the agency's order is issued, regardless of whether the party has a petition to reconsider pending before the administrative agency.

### Conclusion

Concluding that CIG failed to file a timely notice of appeal as required by Indiana Rule of Appellate Procedure 9(A)(3), we dismiss.

KIRSCH, C.J., and SHARPNACK, J., concur.

---

**1.** We note that by IURC rule, "[a] petition for reconsideration shall be deemed a petition for rehearing for purposes of IC 8–1–3–2." *See* Ind. Admin. Code tit. 170, r. 1–1.1–22(e)(4) (2006).