# FOR PUBLICATION



ATTORNEY FOR APPELLANT:

**MORRIS KELSAY**
Marion, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ED BLINN, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 27A04-1403-SC-125 |
| | ) |
| MARK DYER, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Warren Haas, Judge
Cause No. 27D03-1305-SC-884

**October 31, 2014**

**OPINION - FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Ed Blinn, Jr., doing business as Blinn Auto Sales ("Blinn"), appeals the small claims court's denial of his motion to correct error, which challenged the court's entry of judgment and award of $1,800 in damages to Mark Dyer ("Dyer") for money Dyer paid under a layaway plan for purchase of a motorcycle from Blinn.

Concluding *sua sponte* that Blinn's appeal is untimely, we dismiss.

**Facts and Procedural History**

During May and June 2012, Dyer and Blinn negotiated for Dyer to purchase a motorcycle from Blinn under a layaway plan. Dyer paid $1,800 to Blinn, and agreed to perform work for Blinn as additional consideration for purchase of the motorcycle. A dispute eventually arose over the total purchase price for the motorcycle, and Dyer did not complete the purchase. Based upon a provision in a written layaway agreement, Blinn refused to refund any portion of the money to Dyer.

On May 3, 2013, Dyer filed suit against Blinn on the small claims docket of the Grant Superior Court. A hearing was conducted on August 15, 2013, at the conclusion of which the court found in favor of Dyer and stated that judgment would be entered against Blinn within seven days of the hearing if Blinn did not refund Dyer's money before that date. Blinn did not refund the money, and on September 5, 2013, the trial court entered a final judgment against Blinn.

2

On September 23, 2013, Blinn filed a motion to correct error. A hearing was conducted on the motion on October 17, 2013. On February 23, 2014, the trial court entered an order denying the motion to correct error.

This appeal ensued.

**Discussion and Decision**

Blinn appeals, and in substance requests that this Court reverse the trial court's denial of the motion to correct error, and asks that this Court order the trial court to enforce the forfeiture provision of the layaway agreement.

Our Appellate Rules require that a party initiate an appeal by filing a notice of appeal within thirty days after entry of judgment. Ind. Appellate Rule 9(A)(1). "However, if any party files a timely motion to correct error, a Notice of Appeal must be filed within thirty (30) days after the court's ruling on such motion is noted in the Chronological Case Summary or *thirty (30) days after the motion is deemed denied under Trial Rule 53.3, whichever occurs first.*" Id. (emphasis added).

Trial Rule 53.3 provides:

> In the event a court fails for forty-five (45) days to set a Motion to Correct Error for hearing, or *fails to rule on a Motion to Correct Error within thirty (30) days after it was heard* or forty-five (45) days after it was filed, if no hearing is required, *the pending Motion to Correct Error shall be deemed denied.* Any appeal shall be initiated by filing the notice of appeal under Appellate Rule 9(A) within thirty (30) days after the Motion to Correct Error is deemed denied.

Ind. Trial Rule 53.3(A) (emphasis added).

3

Failure to timely file a notice of appeal, while not a jurisdictional matter, nevertheless forfeits the right to an appeal absent "extraordinarily compelling reasons." In re Adoption of O.R., 16 N.E.3d 965, 971 (Ind. 2014); App. R. 9(A)(5).

We note that in its holding that failure to timely file a notice of appeal is not a jurisdictional matter, our supreme court's opinion in Adoption of O.R. did not address directly whether we may act *sua sponte* to dismiss an otherwise untimely appeal. The O.R. Court observed that the purpose of the appellate rules is "'to facilitate the orderly presentation and disposition of appeals,'" for which the Rules serve as "'merely means for achieving the ultimate end of orderly and speedy justice.'" Id. at 971-72 (quoting In re Adoption of T.L., 4 N.E.3d 658, 661 n.2 (Ind. 2014)). And while we *may* waive the apparent Appellate Rule 9(A)'s forfeiture requirement, we need not do so. Id. at 972; App. R. 1.

Here, Blinn filed the motion to correct error on September 23, 2013. A hearing was conducted on October 17, 2013. Blinn filed the notice of appeal on March 20, 2014. The court entered its order denying the motion to correct error on February 23, 2014—well beyond the thirty-day period after which the motion was deemed denied under Trial Rule 53.3(A). Our review of the record does not reveal that any of the listed exceptions in Trial Rule 53.3(B) or (D) apply, and Blinn's dilatory conduct—waiting until several months after the deemed denial of the motion to correct error—did not serve the interests of orderly and speedy resolution of this appeal.

Thus, Blinn's notice of appeal was not timely filed. Our review of the record does not reveal the existence of any "extraordinarily compelling reasons" to reinstate Blinn's right to appeal the judgment. Adoption of O.R., Id. at 971. We accordingly dismiss the appeal.

Dismissed.

NAJAM, J., and PYLE, J., concur.