

ATTORNEYS FOR APPELLANT

Kristina J. Jacobucci
Nicholas T. Otis
La Porte, Indiana

ATTORNEY FOR APPELLEE

Robert A. Plantz
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin L. Snyder,

*Appellant-Respondent,*

v.

Anastasia Snyder,

*Appellee-Petitioner.*

October 19, 2016

Court of Appeals Case No.
46A03-1510-DR-1792

Appeal from the La Porte Circuit
Court

The Honorable Thomas J.
Alevizos, Judge

The Honorable W. Jonathan
Forker, Special Judge

Trial Court Cause No.
46D01-1201-DR-1

**Altice, Judge.**

### Case Summary

[1]     Kevin L. Snyder (Husband) appeals from the trial court's order dissolving his
        marriage to Anastasia Snyder (Wife).  Concluding *sua sponte* that this appeal is
        untimely, we dismiss.

## Facts & Procedural History

Husband and Wife were married in 1997 and have two children together. Prior to their marriage, Husband and Wife executed an antenuptial agreement (the Agreement). On January 3, 2011, Wife filed a petition for legal separation, which was dismissed approximately one month later when Husband filed a petition for dissolution. During the pendency of the dissolution proceedings, the parties submitted an agreed order providing that the Agreement would be enforced subject to a few deletions and revisions.

The case proceeded to a final hearing on June 18, 2013, at which Husband and Wife disputed, among many other things, the Agreement's impact on the distribution of five antique cars, a motorcycle, and two trailers (collectively, the Vehicles), which had been acquired during the marriage and were titled in Husband's name only. Husband argued that pursuant to the language of the Agreement, the Vehicles were his separate property. Wife, on the other hand, argued that the Vehicles fell outside the Agreement's definition of separate property, and that they were therefore marital property subject to equitable distribution by the trial court. No evidence was presented at the hearing as to the valuation of the Vehicles. At the conclusion of the hearing, the trial court took the matter under advisement.

[4] On March 30, 2015, the trial court issued its dissolution decree, which was accompanied by written findings and conclusions.[1] The court dissolved the marriage, resolved issues of custody and child support, distributed the bulk of the marital estate, and ordered Husband to pay a portion of Wife's attorney fees. The trial court also concluded that under the terms of the Agreement, the Vehicles were not Husband's separate property and were therefore marital property subject to equitable division. Because no evidence had been presented regarding the value of the Vehicles, the trial court declined to distribute them at that time. Instead, the trial court reserved that issue for a later date, pending the presentation of further evidence.

[5] Husband filed what he called a "Motion to Correct Error" on April 29, 2015. *Appellant's Appendix* at 121. After holding a hearing, the trial court issued a written ruling on Husband's motion on September 29, 2015. In the order, the trial court clarified the effective dates of certain orders in the March 30, 2015 order, vacated a portion of that order dealing with college expenses, and denied Husband's motion in all other respects. Husband filed his Notice of Appeal on October 28, 2015, and this appeal ensued.

**Discussion & Decision**

---

[1] We are troubled by the inordinate delay between the final hearing and the issuance of the dissolution decree. As our Supreme Court has noted, "[t]ime is of the essence in matters involving children[.]" *In re Adoption of C.B.M.*, 992 N.E.2d 687, 691 (Ind. 2013). Trial courts should make every effort to avoid such protracted uncertainty in matters of child custody and child support.

[6] Although neither party presents the timeliness of Husband's appeal as an issue, this court regularly addresses such issues *sua sponte*. *See Blinn v. Dyer*, 19 N.E.3d 821, 822 (Ind. Ct. App. 2014). "Failure to timely file a notice of appeal, while not a jurisdictional matter, nevertheless forfeits the right to an appeal absent 'extraordinarily compelling reasons.'" *Id.* at 822. (quoting *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014)); *see also* Ind. Appellate Rule 9(A)(5).

[7] Unlike issues of timeliness, issues concerning the finality of appealed judgments are jurisdictional in nature. Ind. Appellate Rule 5; *Whittington v. Magnante*, 30 N.E.3d 767, 768 (Ind. Ct. App. 2015). "Whether an order is a final judgment governs the appellate courts' subject matter jurisdiction." *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 757 (Ind. 2014) (citing *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003)). "The lack of appellate subject matter jurisdiction may be raised at any time, and where the parties do not raise the issue, this court may consider it *sua sponte*." *In re Estate of Botkins*, 970 N.E.2d 164, 166 (Ind. Ct. App. 2012).

[8] A final judgment is one that "disposes of all claims as to all parties[.]" Ind. Appellate Rule 2(H)(1); *see also Bueter v. Brinkman*, 776 N.E.2d 910, 912-13 (Ind. Ct. App. 2002) (explaining that a final judgment "disposes of all issues as to all parties, to the full extent of the court to dispose of the same, and puts an end to the particular case as to all of such parties and all of such issues" (quoting *Hudson v. Tyson*, 383 N.E.2d 66, 69 (Ind. 1978)). Additionally, a trial court may convert an otherwise interlocutory order into an appealable final judgment by

including certain "magic language" set forth in Ind. Trial Rule 54(B). App. R. 2(H)(3); *Botkins*, 970 N.E.2d at 167.

[9] Because the March 30, 2015 order left the valuation and distribution of the Vehicles for a later date, it was not a final judgment within the meaning of App. R. 2(H)(1). Nor did the order contain the "magic language" set forth in T.R. 54(B). Accordingly, we must determine whether it was an appealable interlocutory order.

[10] Ind. Appellate Rule 14(A) provides that certain interlocutory orders are appealable as a matter of right. Among them are orders "[f]or the payment of money[.]" App. R. 14(A)(1). This court has held that child support orders and orders to pay attorney fees are orders for the payment of money within the meaning of App. R. 14(A)(1). *Rowe v. Ind. Dep't of Correction*, 940 N.E.2d 1218, 1220 (Ind. Ct. App. 2011), *trans. denied*. Thus, Husband was entitled to appeal the March 30, 2015 order, provided he filed a notice of appeal "within thirty (30) days after the notation of the interlocutory order in the Chronological Case Summary[.]" App. R. 14(A).

[11] Husband did not, however, file his notice of appeal within the allotted time. Instead, he filed what he styled a "Motion to Correct Error" with the trial court. *Appellant's Appendix* at 121. But, as this court has noted, motions to correct error are proper only after the entry of final judgment; any such motion filed prior to the entry of final judgment must be viewed as a motion to reconsider. *See Citizens Indus. Group v. Heartland Gas Pipeline, LLC*, 856 N.E.2d 734, 737

(Ind. Ct. App. 2006) (explaining that "a party can only file a motion to reconsider with the court if the action remains *in fieri*" and "[i]f the trial court has issued a final judgment, the party must file a motion to correct errors rather than a motion to reconsider"), *trans. denied*; *Stephens v. Irvin*, 730 N.E.2d 1271, 1277 (Ind. Ct. App. 2000) (treating a motion labeled a "Motion to Correct Error" filed before the entry of final judgment as a motion to reconsider), *trans. denied*; *Hubbard v. Hubbard*, 690 N.E.2d 1219, 1221 (Ind. Ct. App. 1998) (holding that a "motion to reconsider" filed after the entry of final judgment must be considered a motion to correct error). This distinction is important because unlike motions to correct error, motions to reconsider do not toll the thirty-day timeframe within which a party wishing to undertake an appeal must do so. *See* App. R. 9(A) (providing that the thirty-day deadline to file a notice of appeal is tolled "if any party files a timely motion to correct error"); Ind. Trial Rule 53.4(A) (providing that a motion to reconsider "shall not . . . extend the time for any further required or permitted action, motion, or proceedings under these rules); *Johnson v. Estate of Brazill*, 917 N.E.2d 1235, 1239 (Ind. Ct. App. 2009) (explaining that "a motion to reconsider does not toll the time period within which an appellant must file a notice of appeal" (quoting *Citizens Indus. Grp.*, 856 N.E.2d at 737)). Indeed, this court has noted that filing a motion to reconsider following the entry of an appealable interlocutory order is an act "fraught with danger" because such a motion does not extend the deadline for filing a notice of appeal. *Id.* (quoting *Hudson*, 383 N.E.2d at 72 n.9).

[12] Thus, because the March 30, 2015 order was an appealable interlocutory order as opposed to a final judgment, Husband could not file a motion to correct error. Instead, his April 29, 2015 motion must be viewed as a motion to reconsider, which does not extend the thirty-day deadline for filing a notice of appeal from an interlocutory order. Because Husband did not file his notice of appeal until October 28, 2015—nearly seven months after the trial court issued the March 30, 2015 order—his interlocutory appeal of that order is untimely. Because the issues Husband raises in this appeal will remain available to him after the trial court enters final judgment in this case, we find no extraordinarily compelling reasons to restore his forfeited right to seek interlocutory appeal of the March 30, 2015 order.

[13] Thus, we are left to consider whether Husband may nevertheless appeal from the trial court's September 29, 2015 ruling on his motion to reconsider. In short, he cannot. As an initial matter, T.R. 53.4(B) provides that a motion to reconsider that is not ruled upon within five days "shall be deemed denied." Husband filed his motion to reconsider on April 29, 2015, but he waited until after the trial court issued its September 29, 2015 ruling thereon to file his notice of appeal. Because Husband's motion to reconsider was deemed denied months earlier, his notice of appeal therefrom was untimely. Timeliness aside, the September 29, 2015 order was neither a final judgment nor an appealable interlocutory order. The order was not a final judgment for the same reason as the March 30, 2015 order—it left the valuation and distribution of the Vehicles for a later date and it did not include the "magic language" set forth in T.R.

54(B). Nor does the September 29, 2015 order fall within any of the App. R. 14(A) categories for interlocutory appeals as of right—unlike the March 30, 2015 order, the trial court's ruling on the motion to reconsider did not include an order for the payment of money. Finally, Husband has not sought or obtained the requisite authorization to pursue a discretionary interlocutory appeal pursuant to App. R. 14(B). Thus, to the extent this is an appeal from the September 29, 2015 order, we lack jurisdiction to entertain it.

[14] Appeal dismissed.

[15] Bailey, J. and Bradford, J., concur.