## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 31 2018, 9:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Juan Duarte-Lopez
Miami Correctional Facility
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Juan Duarte-Lopez,

*Appellant-Defendant/Cross-Appellee,*

v.

State of Indiana,

*Appellee-Plaintiff/Cross-Appellant*

July 31, 2018

Court of Appeals Case No.
20A04-1712-CR-2897

Appeal from the Elkhart Circuit Court

The Honorable Michael A. Christofeno, Judge

Trial Court Cause No.
20C01-0808-FA-38

**Crone, Judge.**

## Case Summary

[1]     Juan Duarte-Lopez, pro se, appeals the trial court's denial of his petition for sentence modification. The State cross-appeals, arguing that Lopez failed to file a timely notice of appeal and thus forfeited the right to appeal. We agree with the State and therefore dismiss.

## Facts and Procedural History

[2]     On July 15, 2009, Lopez pled guilty via plea agreement to class A felony dealing in cocaine. On August 11, 2009, the trial court accepted Lopez's plea and sentenced him to thirty-two years executed.

[3]     On September 19, 2017, Lopez filed a pro se petition for sentence modification. On October 9, 2017, the trial court denied the motion but ordered the Department of Correction ("DOC") to file a progress report and noted that it might reconsider its initial denial. On October 30, 2017, the trial court reaffirmed its initial denial of Lopez's motion after reviewing the DOC progress report, and the judgment was noted in the chronological case summary ("CCS") that same day. On November 3, 2017, Lopez filed a motion to reconsider, which the trial court denied on November 27. Lopez filed his notice of appeal on December 4, 2017.

## Discussion and Decision

[4]     Lopez brings this appeal pro se, and we note that "pro se litigants are held to the same legal standards as licensed attorneys." *Basic v. Amouri*, 58 N.E.3d 980,

983 (Ind. Ct. App. 2016). On cross-appeal, the State raises an issue that we find dispositive: whether Lopez timely filed his notice of appeal. "A party initiates an appeal by conventionally filing a Notice of Appeal with the Clerk [of the Indiana Supreme Court, Court of Appeals and Tax Court] within thirty (30) days after the entry of a Final Judgment is noted in the Chronological Case Summary." Ind. Appellate Rule 9(A)(1). "Unless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by [Post-Conviction Rule] 2[,]" which does not apply here. Ind. Appellate Rule 9(A)(5).

[5] Here, Lopez filed the petition for sentence modification on September 19, 2017. The trial court denied this motion on October 9, 2017, and later reaffirmed its denial on October 30. The denial was noted in the CCS that same day. Assuming arguendo that October 30 was the date of the final judgment, Lopez did not file his notice of appeal until Monday, December 4, 2017, five days past the deadline imposed by the Indiana Appellate Rules.[1] Thus, Lopez forfeited his right to appeal the final judgment.[2] Accordingly, we dismiss the appeal.

[6] Dismissed.

Bailey, J., and Brown, J., concur.

---

[1] "[A] motion to reconsider does not toll the time period within which an appellant must file a notice of appeal." *Citizens Indus. Grp. v. Heartland Gas Pipeline, LLC*, 856 N.E.2d 734, 737 (Ind. Ct. App. 2006), *trans. denied* (2007).

[2] Upon forfeiture, the right to appeal may be restored if extraordinarily compelling reasons are present. *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014). Lopez offers no such reasons in his reply brief.