**FILED**

Jan 15 2020, 8:21 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

J. Kirk LeBlanc
Nelson A. Nettles
Amanda M. Hendren
LeBlanc Nettles Law, LLC
Brownsburg, Indiana

ATTORNEY FOR APPELLEE

John D. Norman
Poynter & Bucheri, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kroger Limited Partnership I,[1] <br> *Appellant-Defendant,* <br><br> v. <br><br> Ruth Lomax, <br> *Appellee-Plaintiff.* | January 15, 2020 <br><br> Court of Appeals Case No. <br> 19A-CT-1201 <br><br> Interlocutory Appeal from the <br> Marion Superior Court <br><br> The Honorable John F. Hanley, <br> Judge <br><br> Trial Court Cause No. <br> 49D11-1705-CT-21225 |

**Mathias, Judge.**

---

[1] Aramark Uniform & Career Apparel, LLC is a party to the matter below but did not file an appearance or otherwise participate on appeal. However, pursuant to Indiana Appellate Rule 17(A), a party of record in the trial court shall be a party on appeal.

[1] Kroger Limited Partnership I ("Kroger") appeals the order of the Marion Superior Court denying its motion for summary judgment in a negligence case filed by Ruth Lomax ("Lomax"). Kroger presents four issues for our review, which we consolidate and restate as the following two: (1) whether the trial court abused its discretion by granting Lomax additional time to respond to Kroger's request for admissions; and (2) whether the trial court erred by denying Kroger's motion for summary judgment. We conclude sua sponte that Kroger's motion to appeal the trial court's interlocutory orders granting Lomax additional time to respond to Kroger's request for admissions was untimely. Accordingly, we affirm the trial court's denial of Kroger's motion for summary judgment that was based on these now-withdrawn admissions.

## Facts and Procedural History

[2] On May 25, 2017, Lomax filed a complaint alleging that she tripped and fell on a doormat while exiting a Kroger store on July 3, 2015. Lomax's complaint alleged that Kroger was negligent by failing to maintain the area where Lomax fell and by failing to warn and protect its patrons of the tripping hazard.[2] Kroger filed an answer on July 25, 2017, denying the allegations in the complaint. On December 20, 2017, Lomax responded to Kroger's First Set of Interrogatories and Request for Production. In her response, Lomax reasserted her claims that Kroger was negligent by referring to the allegations in her complaint. She also

---

[2] Lomax filed an amended complaint on June 19, 2017, naming Aramark Uniform & Career Apparel, LLC, as a co-defendant. As noted supra, Aramark does not participate in this appeal.

stated that she sustained injuries to her back, ankle, right knee, and shoulder, and that her medical expenses thus far exceeded $40,000.

[3] Lomax's first counsel withdrew his appearance on October 15, 2018. Seven days later, on October 22, 2018, Kroger served Lomax with a request for admissions in which Kroger asked Lomax to admit that she was solely at fault for her fall, that she was not injured, and that she did not incur any medical expenses. Lomax's response to the request for admissions was due on November 24, 2018.

[4] Lomax subsequently retained new counsel, who filed his appearance on November 8, 2018. Kroger's counsel advised Lomax's counsel that a request for admissions had been sent to Lomax, but never sent a copy of the request to Lomax's new counsel. Lomax's counsel did not respond to the request for admissions by November 24, 2018. Three days later, Kroger filed a motion for summary judgment, arguing that Lomax's failure to respond to the request for admissions meant that the facts contained therein were deemed admitted.

[5] On December 11, 2018, Lomax filed a motion for an extension of time to respond to Kroger's request for admissions and to respond to the motion for summary judgment. Kroger filed an objection thereto on December 12, 2018, and, that same day, Lomax filed a notice with the trial court stating that her counsel had served Kroger with her responses to Kroger's request for admissions. On December 13, 2018, the trial court entered an order granting

Lomax's motion for an extension of time to file her response to Kroger's request for admissions ("the December 13 Order").

[6] Then, on January 3, 2019, Lomax's second counsel withdrew his appearance, and two different attorneys filed an appearance on Lomax's behalf on January 7, 2019. Lomax's new counsel filed, on January 9, 2019, a motion to deem her response to Kroger's request for admissions as timely, to which Kroger also objected. On January 23, 2019, the trial court entered an order granting Lomax's motion to deem her answers to Kroger's request for admissions as timely ("the January 23 Order"). On February 8, 2019, Lomax filed her opposition to Kroger's motion for summary judgment.[3]

[7] Kroger filed a motion to reconsider the trial court's ruling on Lomax's answers on February 15, 2019, which the trial court denied on March 12, 2019 ("the MTR Order"). Also on March 12, the trial court also entered an order denying Kroger's motion for summary judgment ("the Summary Judgment Order").[4] On March 26, 2019, Kroger filed a motion seeking to certify for interlocutory appeal the MTR Order and the Summary Judgment Order. The trial court

---

[3] Along with her brief in opposition to Kroger's motion for summary judgment, Lomax filed a motion to strike Kroger's designated Exhibit 2, which consisted of the unanswered request for admissions. The trial court denied this motion to strike.

[4] Both of these orders were signed on March 11 but not entered into the chronological case summary ("CCS") until the following day.

granted this motion on April 29, 2019, and we accepted jurisdiction on June 28, 2019.

## Timeliness of Kroger's Interlocutory Appeal

[8] We first address the timeliness of Kroger's interlocutory appeal.[5] Kroger sought to certify two of the trial court's orders for interlocutory appeal: the Summary Judgment Order and the MTR Order. Kroger's motion to reconsider asked the trial court to overrule its previous rulings on the December 13 Order and the January 23 Order, which permitted Lomax to file belated responses to Kroger's request for admissions. Thus, by seeking to appeal the MTR Order, Kroger also sought to appeal the December 13 and January 23 Orders.

[9] Indiana Appellate Rule 14(B), which governs discretionary interlocutory appeals, provides in relevant part:

> **B. Discretionary Interlocutory Appeals.** An appeal may be taken from other interlocutory orders if the trial court certifies its order and the Court of Appeals accepts jurisdiction over the appeal.

---

[5] Although neither party presents the timeliness of Kroger's appeal as an issue, this court regularly addresses such issues sua sponte. *Snyder v. Snyder*, 62 N.E.3d 455, 458 (Ind. Ct. App. 2016). This is true even though our supreme court has held that the failure to timely file a notice of appeal is not a jurisdictional defect. *Id.* (citing *In re Adoption of O.R.*, 16 N.E.3d 965, 971 (Ind. 2014); *Blinn v. Dyer*, 19 N.E.3d 821, 822 (Ind. Ct. App. 2014)). Even though the failure to timely file an appeal is not a jurisdictional matter, it acts to forfeit the right to an appeal absent extraordinarily compelling reasons. *Snyder*, 62 N.E.3d at 458 (citing *O.R.*, 16 N.E.3d at 971). We discern no such extraordinarily compelling reasons in the present case.

> (1) *Certification by the Trial Court*. The trial court, in its discretion, upon motion by a party, may certify an interlocutory order to allow an immediate appeal.
>
> > (a) Time for Filing Motion. *A motion requesting certification of an interlocutory order must be filed in the trial court within thirty (30) days after the date the interlocutory order is noted in the Chronological Case Summary* unless the trial court, for good cause, permits a belated motion. If the trial court grants a belated motion and certifies the appeal, the court shall make a finding that the certification is based on a showing of good cause, and shall set forth the basis for that finding.

App. R. 14(B)(1) (emphasis added).

[10] The Summary Judgment Order was noted in the chronological case summary ("CCS") on March 12, 2019. Kroger's motion to certify this order for interlocutory appeal was filed on March 26, 2019, well within the thirty-day time limit of Appellate Rule 14(B)(1)(a), and we address the propriety of the trial court's summary judgment order below.

[11] The motion to reconsider order was also noted in the CCS on March 12, 2019. Kroger's motion to certify this order for interlocutory appeal was filed on March 26, 2019, and would, at first blush, appear to be timely as well. However, under Ind. Trial Rule 53.4(B), a motion to reconsider is deemed denied if it is not ruled upon within five days. *Snyder v. Snyder*, 62 N.E.3d 455,

459 (Ind. Ct. App. 2016).[6] Kroger's motion to reconsider was filed on February 15, 2019, and, by operation of Trial Rule 53.4(B), was deemed denied five days later, on February 20, 2019. Hence, a request to certify the court's order was due on March 22, 2019—thirty days after the motion to reconsider was deemed denied. Kroger did not file its motion to certify until March 26, 2019. Accordingly, Kroger's motion to certify the court's order on Kroger's motion to reconsider was untimely. *See Snyder*, 62 N.E.3d at 459 (holding that husband's notice of appeal from appealable interlocutory order was untimely where his motion to reconsider was deemed denied months earlier).

[12] But even if we overlook this procedural failure, Kroger's motion to certify the order on its motion to reconsider was untimely for yet another reason. It is well settled that "a motion to reconsider 'shall not . . . extend the time for any further required or permitted action, motion, or proceeding under these rules.'" *Johnson v. Estate of Brazill*, 917 N.E.2d 1235, 1239 (Ind. Ct. App. 2009) (quoting T.R. 53.4(A)). Therefore, "a motion to reconsider does not toll the time period within which an appellant must file a notice of appeal." *Citizens Indus. Group v. Heartland Gas Pipeline, LLC*, 856 N.E.2d 734, 737 (Ind. Ct. App. 2006) (citing T.R. 53.4), *trans. denied*.

---

[6] This provision does not, however, deprive the trial court of the power to rule on a motion to reconsider after five days have passed. *Id.* at 458–59. Instead, a trial court has the inherent power to reconsider any previous ruling so long as the action remains in fieri, i.e., while the case remains pending before the court. *Id.* (citing *Citizens Indus. Group v. Heartland Gas Pipeline, LLC*, 856 N.E.2d 734, 737 (Ind. Ct. App. 2006), *trans. denied*; *Stephens v. Irvin*, 730 N.E.2d 1271, 1277 (Ind. Ct. App. 2000), *aff'd on reh'g, trans. denied*).

[13] Kroger's motion to reconsider asked the trial court to overturn the December 13 and January 23 Orders in which the trial court permitted Lomax to file a belated response to Kroger's request for admissions. Thus, the motion to certify the MTR Order was, in essence, a request to certify the December 13 Order and the January 23 Order. If Kroger wished to certify *those* orders for interlocutory appeal, it should have done so within thirty days of the trial court's orders thereon, i.e., no later than January 12 and February 22, 2019, respectively. Having failed to do so, Kroger could not extend the time to seek interlocutory appeal of those orders by filing a motion to reconsider. *See Snyder*, 62 N.E.3d at 458–59 (holding that motion to reconsider did not extend time in which husband had to seek interlocutory appeal as of right); *Johnson*, 917 N.E.2d at 1240 (same).[7]

[14] Because Kroger failed to timely request that the trial court certify the December 13 and January Orders for interlocutory appeal, any issue regarding the propriety of these orders is not properly before this court, and we decline to consider such arguments at this time.

## Summary Judgment

[15] Kroger also argues that the trial court erred in denying its motion for summary judgment. Kroger's motion for summary judgment was based wholly on the

---

[7] In its motion to certify the trial court's orders for interlocutory appeal, Kroger made no argument that good cause should permit belated certification of these orders for interlocutory appeal, nor did the trial court find that such good cause existed.

request for admissions that had been deemed admitted by Lomax's failure to timely respond thereto. Kroger argues that the trial court's rulings permitting Lomax to file a belated response to its request for admissions were erroneous and that the request for admissions should still be deemed admitted. Since these admissions included a concession that Lomax was entirely at fault for her injuries, Kroger argues there are no genuine issues of material fact and that it is entitled to judgment as a matter of law.

[16] As noted above, however, Kroger did not timely seek to certify for interlocutory appeal the trial court's orders granting Lomax additional time to file her response to Kroger's request for admissions. The trial court's rulings effectively permitted her to withdraw the previously-deemed-admitted admissions and file a belated response that denied Lomax was at fault. Because Kroger failed to timely certify these orders for interlocutory appeal, we will not consider the propriety of these orders.

[17] Because the basis for Kroger's motion for summary judgment was based on the admissions that had been withdrawn, and because Lomax's belated responses to the request for admissions denied that she was at fault for her injuries, the trial court correctly concluded that Kroger was not entitled to summary judgment.

## Conclusion

[18] Kroger failed to timely obtain certification of the trial court's orders granting Lomax additional time to respond to Kroger's request for admissions and

deeming her subsequently filed response as timely. Because Kroger's motion for summary judgment was premised on Lomax's admissions that had been withdrawn with the trial court's permission, the trial court properly denied Kroger's motion.

Affirmed.

Robb, J., and Pyle, J., concur.