## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 11 2020, 9:33 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Robert Delano Jones
Jerry L. Siefers, Jr.
Bloomington, Indiana

ATTORNEY FOR APPELLEE

Ronald E. Weldy
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| B.B.T.K.S., Inc., <br> *Appellant-Defendant,* <br><br> v. <br><br> Annette Emmons, <br> *Appellee-Plaintiff.* | December 11, 2020 <br><br> Court of Appeals Case No. <br> 20A-PL-418 <br><br> Appeal from the Monroe Circuit Court <br><br> The Honorable Elizabeth Cure, Judge <br><br> The Honorable Larry R. Blanton, Senior Judge <br><br> Trial Court Cause No. <br> 53C01-1810-PL-2062 |

**Altice, Judge.**

## Case Summary

[1] This case involves a wage payment dispute between Annette Emmons and her former employer, B.B.T.K.S., Inc. (Employer). Emmons filed a motion for partial summary judgment, which the trial court granted, awarding her – after setoff – $305.31 in unpaid wages and liquidated damages. The issue of attorney's fees remained pending. Employer then filed a self-styled Motion to Correct Errors, which the trial court denied. About a week after this denial, the trial court held a hearing regarding statutory attorney's fees and then took the matter under advisement. Instead of waiting for a ruling on attorney's fees, Employer filed the instant appeal, resulting in the trial court staying the proceedings and withholding its ruling on attorney's fees.

[2] For reasons that are more fully discussed below, we conclude that this appeal is not properly before us. Specifically, there has been no final judgment entered in this case, and Employer has not sought an interlocutory appeal of the partial grant of summary judgment or the order denying its subsequent motion.

[3] We dismiss.

## Facts & Procedural History

[4] Emmons worked for Employer's restaurant, Wee Willie's West in Ellettsville, as a part-time hostess between May and August 2018. From time to time, Employer deducted amounts from her paychecks purportedly for food purchases and loans. The deductions totaled $174.88.

[5] After Emmons voluntarily left employment, she filed a complaint for damages against Employer, which was amended on November 2, 2018. In her amended complaint, Emmons alleged that Employer "illegally deducted monies from [her] wages" on four separate occasions and was liable for statutory damages under the Wage Payment Statute, Ind. Code § 22-2-5-1 *et seq*. *Appellant's Appendix Vol. II* at 24. Pursuant to I.C. § 22-2-5-2, Emmons sought a judgment for wages owed, liquidated damages, costs, and attorney's fees.[1]

[6] In its answer, Employer indicated that the deductions were for two $50 cash loans and for food purchases. Employer also noted that it had discovered an overpayment in the amount of $219.33 on Emmons's paycheck issued on July 14, 2018. Employer filed a counterclaim for that amount and for attorney's fees, claiming that the suit filed by Emmons was frivolous, unreasonable, groundless, and in bad faith.

[7] On September 15, 2019, Emmons filed a motion for partial summary judgment, arguing that she was entitled to actual damages in the amount of $174.88 and

---

[1] I.C. § 22-2-5-2 provides:

> Every such person, firm, corporation, limited liability company, or association who shall fail to make payment of wages to any such employee as provided in section 1 of this chapter shall be liable to the employee for the amount of unpaid wages, and the amount may be recovered in any court having jurisdiction of a suit to recover the amount due to the employee. The court shall order as costs in the case a reasonable fee for the plaintiff's attorney and court costs. In addition, if the court in any such suit determines that the person, firm, corporation, limited liability company, or association that failed to pay the employee as provided in section 1 of this chapter was not acting in good faith, the court shall order, as liquidated damages for the failure to pay wages, that the employee be paid an amount equal to two (2) times the amount of wages due the employee.

liquidated damages in the amount of $349.76. Additionally, she requested a separate hearing to determine attorney's fees and costs.

[8] On October 9, 2019, Employer opposed the motion for partial summary judgment and argued that Emmons was acting in bad faith in pursuing the action because she had actually been overpaid in an amount greater than the total deductions and because the deductions were made at her request and pursuant to the employee handbook. Along with its opposition, Employer filed a motion for summary judgment on its counterclaim for the overpayment amount and for the recovery of over $5000 in attorney's fees.

[9] The trial court held a summary judgment hearing on October 24, 2019. At the hearing, Employer acknowledged that it had committed a "technical violation" of Ind. Code § 22-2-6-2 by making the deductions without the required written assignment of wages from Emmons. *Transcript* at 20. Employer argued, however, that the overpayment of $219.33 – an amount Emmons did not dispute – fully offset the improper deductions, which totaled $174.88, and, therefore, no wages remained due. On the other hand, Emmons argued that setoff should not occur until after punitive damages were determined.

[10] On October 29, 2019, the trial court entered an order granting partial summary judgment in favor of Emmons and dismissing Employer's counterclaims.[2] The

---

[2] The summary judgment order was originally entered on the chronological case summary (CCS) as being signed on November 4, 2019. Later, the trial court corrected the record by making a *nunc pro tunc* entry indicating that the order was signed on October 29, 2019.

court concluded that Employer had illegally deducted $174.88 from Emmons's wages and had failed to demonstrate a good faith reason for doing so. Thus, the court awarded her an additional $349.76 in liquidated damages. After setting off the total damages by the stipulated amount of overpayment, the court entered judgment against Employer in the amount of $305.31. The matter of attorney's fees, costs, and pre-judgment interest remained pending, and Emmons filed a motion for award of statutory attorney's fees and costs on November 18, 2018, along with a supporting brief and designated evidence.

[11] Thereafter, on November 27, 2019, Employer filed a motion titled, Defendant's Motion to Correct Errors. At the hearing on this motion, Employer argued that the undisputed evidence established that Employer did not act in bad faith when making the deductions and, therefore, Emmons was not entitled to liquidated damages. Without liquidated damages and in light of the overpayment, Employer reasoned that no wages were due Emmons and Employer was entitled to judgment in the amount of $44.45.

[12] On January 20, 2020, the trial court entered an order denying Employer's motion. The court also set a hearing to determine statutory attorney's fees and costs sought by Emmons. The hearing was held as scheduled on February 3, and the trial court took the matter under advisement. Before the trial court issued a ruling on this pending issue, Employer filed a notice of appeal on February 21, 2020, purporting to appeal from a final judgment. As a result, the trial court stayed the trial proceedings pending appeal.

## Discussion & Decision

[13] Although neither party has questioned the timeliness of Employer's appeal or the finality of the judgment below, this court regularly addresses such issues *sua sponte*. *See Snyder v. Snyder*, 62 N.E.3d 455, 458 (Ind. Ct. App. 2016). Failure to timely file a notice of appeal generally results in forfeiture of the right to appeal, while issues concerning the finality of appealed judgments are jurisdictional in nature. *Id.*

[14] Here, Employer claims to be appealing from a final judgment, but it clearly is not. Indiana Appellate Rule 2(H) defines a judgment as final if:

> (1) it disposes of all claims as to all parties;
>
> (2) the trial court in writing expressly determines under Trial Rule 54(B) or Trial Rule 56(C) that there is no just reason for delay and in writing expressly directs the entry of judgment (i) under Trial Rule 54(B) as to fewer than all the claims or parties, or (ii) under Trial Rule 56(C) as to fewer than all the issues, claims or parties;
>
> (3) it is deemed final under Trial Rule 60(C);
>
> (4) it is a ruling on either a mandatory or permissive Motion to Correct Error …; or
>
> (5) it is otherwise deemed final by law.

The partial grant of summary judgment in October 2019 – as well as the subsequent order issued in January 2020 – left the matter of attorney's fees and costs still to be resolved, and the trial court did not include the "magic language" of T.R. 56(C) to convert the order into an appealable final

judgment.[3] Further, because the summary judgment order was not final, Employer's purported motion to correct error was in fact a motion to reconsider. *See Severance v. Pleasant View Homeowners Ass'n, Inc.*, 94 N.E.3d 345, 349 n.4 (Ind. Ct. App. 2018) ("[B]ecause there was no final judgment, the HOA's self-styled motion was in fact a motion to reconsider and, contrary to the trial court's conclusion here, its subsequent ruling on that motion could not itself be considered a final judgment pursuant to Indiana Appellate Rule 2(H)(4)."), *trans. denied*; *Snyder*, 62 N.E.3d at 458 ("[M]otions to correct error are proper only after the entry of final judgment; any such motion filed prior to the entry of final judgment must be viewed as a motion to reconsider."). Thus, the January 2020 order was not a ruling on a motion to correct error such that the order would be considered a final judgment pursuant to App. R. 2(H)(4).

[15] To the extent Employer could claim that the October 2019 summary judgment order was an interlocutory order for the payment of money appealable as a matter of right under Indiana Appellate Rule 14(A)(1), we note that Employer did not appeal the order within thirty days. *See id.* (providing that an appeal of an interlocutory order for the payment of money may be taken as a matter of right by filing a notice of appeal within thirty days after notation of the order in the CCS). Further, it is well established that Employer's motion to reconsider

---

[3] T.R. 56(C) provides in relevant part:

A summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties shall be interlocutory unless the court in writing expressly determines that there is no just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties.

that ruling did not toll the thirty-day deadline for seeking an interlocutory appeal. *See Kroger Ltd. P'ship I v. Lomax*, 141 N.E.3d 46, 50 (Ind. Ct. App. 2020) ("If Kroger wished to certify those orders for interlocutory appeal, it should have done so within thirty days of the trial court's orders …. Having failed to do so, Kroger could not extend the time to seek interlocutory appeal of those orders by filing a motion to reconsider."); *see also Snyder*, 62 N.E.3d at 459 (observing that "filing a motion to reconsider following the entry of an appealable interlocutory order is an act 'fraught with danger' because such a motion does not extend the deadline for filing a notice of appeal"). Because Employer did not file a notice of appeal until well over three months after the entry of partial summary judgment, any interlocutory appeal of that order would be untimely. *See id.*

[16]     Finally, the subsequent January 2020 order – the order from which Employer expressly appeals – was neither final, as discussed above, nor an interlocutory order appealable as a matter of right under App. R. 14(A)[4] or for which a discretionary interlocutory appeal has been sought pursuant to App. R. 14(B). Thus, we lack jurisdiction to entertain an appeal from the January 2020 order and must dismiss this appeal.[5] *See Snyder*, 62 N.E.3d at 459.

---

[4] This order simply denied Employer's motion and set a hearing for attorney's fees. Notably, it did not include an order for the payment of money.

[5] Having dismissed the appeal, we express no opinion regarding the merits of the issues raised by Employer, which remain available to Employer after the trial court enters final judgment in this case.

Appeal dismissed.

Riley, J. and May, J., concur.